*1232 OPINION.
Milliken:
On the hearing of this case the 15-year lease entered into in 1920 was introduced in evidence, but it was withdrawn upon *1233 agreement by counsel lor petitioner to furnish a copy for the record. This has not been done, but we do not consider it necessary for a decision of the issues herein.
The first complaint of petitioner is that respondent included in 1920 income the sum of $20,000 advance payment of rent and refused to allow it to be apportioned over the 15 years of the lease at $1,333.33 per year.
It appears from the evidence that the written lease between the parties was for 15 years at a monthly rental of $5,000, but there was an additional oral agreement that the lessee was to pay an additional sum of $20,000 as additional rent, or bonus, which was to be paid in cash on the signing of the lease or beginning of the term. This was paid to and received by petitioner in 1920, but petitioner contends it should be taxed as if it had received said sum in regular annual installments of $1,333.33 throughout the term of the lease.
We know of no theory, or authority, by which petitioner’s claim can be allowed. It is immaterial whether we call the $20,000 payment a bonus, additional rent payable in advance, or by any other term, it is a profit arising out of the transaction, to wit, the leasing of the property, and is taxable when received, as the petitioner was on the cash receipts and disbursements basis.
Petitioner is seeking to apply here the rule which permits the lessee to amortize the cost of securing a lease, or improvements on the property. The expenditure by the lessee represents a capital investment, thus differentiating that case from the one at bar.
The authorities and regulations cited by counsel for petitioner do not apply to the facts of this case, as they relate to the right of the lessee to apportion or spread over the entire term of a lease the cost of obtaining it, or the cost of improvements, and this is on the ground that it is a capital expenditure.
In the cases of Nelson Land & Oil Co., 3 B. T. A. 315, and R. H. Haslett, 10 B. T. A. 332, the Board had before it the question as to whether or not a bonus or advance cash payment of royalty was income or a return of capital, and in both cases we held that it was income and the entire amount received was taxable in the year in which received.
The second error alleged is the failure of respondent to allow a deduction of $15,000 from 1921 income for the payment of the two notes of $5,000 and $10,000 to Thomas O’Day. It is the theory of the petitioner that this sum was originally borrowed from the banks by O’Day for petitioner’s purposes and that it was paid to the bardes by petitioner long before the taxable year. It is contended that 0’Da.y retained the notes given him as security and when suit was instituted thereon petitioner had nothing to show payment, and in *1234 order to avoid litigation settled or compromised these notes with other causes of action for a lump sum of $80,000. It is claimed this was an ordinary and necessary business expense and therefore deductible.
The two notes sued on are filed as petitioner’s exhibits Nos. 4 and 5. Both notes are signed by G. M. Anderson as the sole maker, and were endorsed for collection by Thomas O’Day. The name of the petitioner does not appear on them either as maker, payee, endorser, surety, or in any other capacity. The suits on the notes were brought against the -maker Anderson and not against the petitioner, and so far as this record shows this was purely a claim by O’Day in his individual capacity against Anderson in his individual capacity. In addition it.may be observed that there is no evidence as to the amount paid by petitioner in settlement of these notes. Under the evidence it may have been any amount, and if petitioner can not show the amount we have no means of ascertainment. The respondent’s refusal of this claim was correct.
The final error alleged is the failure of respondent to allow as a deduction from 1921 income the sum of $14,368, paid out for attorneys’ fees for services rendered petitioner. The evidence shows that $11,320 of this amount was paid to Herbert Choynski in compromise settlement of his claim of $70,000, that it was paid in 1921 and was for services rendered petitioner. It is further shown that $2,096 of the total claimed was paid to I. M. Golden for legal services rendered petitioner in defending the accounting' and receivership case and other actions. These amounts, totaling $13,416, are deductible from income for 1921. Kornhauser v. United States, 276 U. S. 145. There is no evidence of the payment of the remaining $952 of the claim to any person.

Judgment will be entered under Rule 50.