NEWARK MILK AND CREAM COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22350.    Promulgated May 1, 1931.

*Chas. D. Hamel*, *Esq.*, and *Lee I. Park*, *Esq.*, for the petitioner.
*Maxwell E. McDowell*, *Esq.*, and *F. B. Schlosser*, *Esq.*, for the respondent.

OPINION.

SMITH: This proceeding is for the redetermination of a deficiency of $17,893.89 in the petitioner's income and profits taxes for the calendar year 1921. The petitioner alleges that the Commissioner:

* * * has erroneously failed and refused to allow as a deduction from gross income * * * ordinary and necessary expenses of the business in respect of payment of forty five thousand dollars for legal services and expenses, which payment was made * * * in accordance with the provisions of a certain contract between the petitioner and the heirs of William H. Bennett.

All other issues raised by the pleadings were abandoned at the hearing.

The facts upon which this proceeding is based are set forth in *Newark Milk & Cream Co.*, 10 B. T. A. 683; affd., 35 Fed. (2d) 854,

and are incorporated herein by reference. In that appeal, involving the taxable years 1922 and 1923, we held that the amounts paid by the petitioner upon its guaranty to the Bennett estate were not deductible from gross income as ordinary and necessary expenses. The payment here in controversy was made pursuant to the following provision of the agreement, whereby the dispute among the stockholders was settled and one group of stockholders acquired control of the petitioner corporation:

1. The party of the first part [petitioner] agrees with the party of the third part to pay unto William Harris, Esquire, counsel of the parties of the third part, [Bennett heirs] the sum of Forty-five Thousand ($45,000.00) Dollars, said sum to be in full payment of his fees as counsel of the parties of the third part in the litigation [instituted by Bennett heirs] above referred to, and to also cover all disbursements made or incurred for expenses of every kind whatsoever in connection with said litigation, said sum to be paid coincidentally with the date of the execution of this agreement.

The petitioner argues that this payment is deductible as an ordinary and necessary business expense under the rule of *Kornhauser v. United States*, 276 U. S. 145. In that case the Supreme Court held that fees paid to an attorney for defending an action brought by a former partner for an accounting of the partnership business were expenses directly connected with the taxpayer's business and deductible. Whereas, here the payment was made as part of the settlement just as the guaranty payments in controversy in the prior appeal, and, like those payments, was a consideration for the transfer of the stock held by the Bennett estate. In disposing of this taxpayer's contentions regarding the guaranty payments, we said:

The distinction is clear between cases where amounts are paid out as a result of litigation or as a means of settling a dispute arising from ordinary business transactions and cases such as the instant one where the payments were made in order to gain control of a business.

For the reasons set forth in our earlier decision, which has been affirmed by the Circuit Court of Appeals for the Second Circuit, we are of the opinion that the respondent properly disallowed the claimed deduction.

*Judgment will be entered for the respondent.*