Moss, Judge,
rendered the opinion of the court:
It is alleged by plaintiff in his original petition that in his income-tax return for the calendar year 1918 he claimed as a deduction from his gross income for that year the sum of $10,000, being the amount paid by him for attorney’s fees incurred in defending an action against himself for an accounting instituted by his former law partner, in which action it was charged that plaintiff had collected fees for professional services during the existence of the partnership in which his said law partner was entitled to share. The Commissioner of Internal Eevenue refused to allow the deduction.
A demurrer was sustained to the original petition, and on plaintiff’s motion the court vacated its judgment dismissing the petition and granted plaintiff leave to amend.
An amended petition was filed which contains in addition to the matters alleged in the original petition the following language:
“ 1 * * * that the alleged fees in fact consisted of stock in the National Tool Company which was acquired by this petitioner subsequent to the dissolution of said partnership and not in any manner in payment for legal services performed during the existence of said partnership.”
The case is now submitted on demurrer to the amended petition and the question for determination is whether or not fees paid to an attorney for defending an action for an accounting instituted by a former law partner may be deducted by the taxpayer from his gross income in making his tax return.
Plaintiff contends that the expenditure is deductible, either as an ordinary and necessary expense in connection with his business under the provision of section 214(a) of the revenue act of 1918, 40 Stat. 1066, which allows deductions for “All ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business”; or else it is deductible as a loss under para *649 graph 4 of said section which provides for deductions for “ Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business.”
The expenditure in question is not an allowable deduction under either provision.
The payment of a fee for legal services under the conditions alleged in the original and the amended petitions is neither an ordinary nor necessary expense incurred in carrying on the trade or business, nor is it a loss sustained in trade or business in the meaning and intent of the statute.
It is a personal expense, and is controlled by section 215 of the same act, which provides, “ That in computing net incomes no deduction shall in any case be allowed in respect of — (a) Personal, living, or family expenses.”
The amendment, which merely describes the character of the fee, does not in any manner affect the question of law as presented in the original petition.
The demurrer should be sustained and the petition and the amended petition should be dismissed. And it is so ordered.
Graham, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.