KORNHAUSER *v.* UNITED STATES.

CERTIORARI TO THE COURT OF CLAIMS.

No. 162.   Submitted January 12, 1928.—Decided February 20, 1928.

Claimant successfully defended an accounting suit brought by his former law partner respecting shares of stock which claimant had received for professional services, performed by him, as the partner alleged, during the existence of the partnership, or, as claimant maintained, after its termination. *Held* that, in computing claimant's net income under the Revenue Act of 1918, the attorney's fees paid by him in defense of the suit were deductible from gross income, not as a loss under § 214 (a) (4), but as an "ordinary and necessary expense" incurred in carrying on a business, under § 214 (a) (1); that it was not within § 215, forbidding deduction of "personal, living, or family expenses." P. 152.

62 Ct. Cls. 647, reversed.

CERTIORARI, 273 U. S. 692, to review a judgment of the
Court of Claims denying a claim for an amount paid under
an increased income tax assessment.

*Mr. L. L. Hamby* was on the brief for petitioner.

" The test is whether an expense is incurred primarily
because of business as the immediate cause of incurring
the expenditure." T. D. No. 451, C. B. No. 2, p. 157.
See also C. B. No. 5, p. 121.

What is a loss arising from business? The petitioner
did not voluntarily make this expenditure as an invest-
ment for the purpose of acquiring any property, but
involuntarily in defense of a spurious claim for an ac-
counting. The amount so expended was a total loss, the
antithesis of an investment, and it cannot be recovered,
nor was the petitioner compensated therefor by insurance
or otherwise.

All expenditures made by an individual are in a sense
personal, because they are made by the individual and
no one else. We interpret the meaning of §§ 214 and
215 of the statute to be that, if the expenditure by an
individual, which must of necessity be personal, arose in
connection with, or as the direct result of, engaging in
trade or business, not involving the making of an invest-
ment resulting in the acquisition of property, it is de-
ductible; but if it bore no relation to his business or trade
it is not deductible.

The doctrine *noscitur a sociis* is peculiarly applicable in
interpreting what was meant by " personal, family or liv-
ing expenses." " Personal " means an expenditure relat-
ing to the person himself, and not the business in which
he is engaged, and contemplates expenditures for clothing,
recreation and amusement, and the innumerable other ex-
penses in which a person may indulge voluntarily for
pleasure or because of a duty. A family expense is one
which a person incurs on behalf of his family unrelated

to his business.   It may be for the support of his family
in the purchase of food and clothing, or be for amusement
or recreation of his family, or medical attendance or any
other expense relating to the person.   A living expense
we interpret to mean one which is incurred in defraying
the cost of subsistence of the person or the subsistence of
the person's family.

Clause (b) of § 215 seems to be in the nature of a limi-
tation or exception to the provisions of § 214, and there-
fore to be strictly construed.

*Laemmle* v. *Eisner,* 275 Fed. 504; and *Lewellyn* v.
*Electric Reduction Co.,* 275 U. S. 243, distinguished.

*Solicitor General Mitchell* and *Mr. Sewall Key,* Attor-
ney in the Department of Justice, for the United States,
submitted a brief prepared by the Bureau of Internal
Revenue which is printed in condensed form below,[1] and

---

[1] All expenses to be deductible must come clearly within the provi-
sions of § 214.   The fee paid was not a loss under subsections (4)
or (5).

The serious question in this case arises when it is sought to place
this transaction on one side or other of the line drawn by the statute
between " ordinary and necessary expenses paid or incurred in carry-
ing on any trade or business," on the one hand, and " personal, liv-
ing, or family expenses," on the other.   This line is shadowy, for
many transactions partake of the nature of both classes of expenses.
Some accurate and unvarying standard is undoubtedly intended.
That standard, it is submitted, is the implications of words in the
common understanding.   The common understanding of the phrase
" business expense " is very aptly described in the regulations (1921
ed.), promulgated by the Commissioner.   Art. 101, Reg. 45; Art. 101,
Reg. 62; and Art. 101, Reg. 69.   See also 1 C. B. 101.

The statute requires that expenses to be deductible, must be both
" ordinary " and " necessary."   By implication, extraordinary and
unnecessary expenditures in the maintenance and operation of a busi-
ness, are excluded.   *Chapin* v. *Irwin,* 3 Am. Fed. Tax Rep. 3429;
*Laemmle* v. *Eisner,* 275 Fed. 504.

The defense of this suit for an accounting must be attributable to a
purpose to protect property, or to vindicate reputation.   The latter

also the following expression of their own views concerning the question at issue:

We are not in accord with the reasoning of the brief prepared by the Bureau of Internal Revenue, nor with the conclusion reached by the Court of Claims, but feel bound to submit the case to this Court for decision. A judgment based on a confession of error would not bind the Court of Claims in other like cases. The Bureau of Internal Revenue believes that the decision of the Court of Claims is right. There does not seem to be any third class of expenditures between ordinary business expenditures on the one hand and personal expenditures on the other. The expenditure in this case does not seem like a personal expense in any proper sense. It was an individual expense as distinguished from a firm expense, but that is a different matter. We infer that the shares of stock received by petitioner in 1918 were received as

is by its·expression clearly a personal expense, and the former is not only a personal expense, but also a capital expense, the deduction of both of which is expressly forbidden by § 215 (a),·(b) and (c) of the Revenue Act of 1918. *Appeal of Hewes*, 2 B. T. A. 1279; *Appeal of Cons. Mut. Oil*, 2 B. T. A. 1067; *Appeal of Palmer*, 3 B. T. A. 403.

The statute moreover provides that to be deductible, the expense must be incurred in carrying on a business. Defending the action against him was a single isolated transaction, and a loss incurred in such transaction is not deductible. See *Mente* v. *Eisner*, 266 Fed. 161. Here the most that can be said for the taxpayer is that he was put to an expense in winding up or closing out the business. The alleged misappropriation of moneys was not said to have been in the course of his business, but in the course of his previously existing partnerhip business. Whether he won or lost the suit for an accounting would not affect his present business or its profit, as is demonstrated by assuming that at the dissolution of the old partnership a new one had been formed between the taxpayer and persons other than his former partner. Clearly the new partners would not have benefited or suffered from the outcome of the suit for an accounting or been called upon to pay any part of the attorney's fee expended in defending said action.

compensation for some services performed, and that the question between him and his former partner was whether the services were performed during the existence of the partnership or afterwards, or disconnected with it. If that be so, the value of the shares constituted taxable income and the expenditure of attorney's fees in defending the right to receive and retain that income would have been to enlarge the taxpayer's income subject to income taxes. An expenditure for the purpose of obtaining or retaining taxable income does not seem like a personal expenditure.

We agree with the Court of Claims that the expenditure did not constitute a loss.

If the expense was a business rather than a personal expense, it can hardly be treated as a capital expenditure. While the petition in the Court of Claims is not clear, it may be that the shares of stock received were as compensation for legal or other services. Money expended to obtain or retain taxable income should be treated as a deduction from income and not as a capital expenditure.

We refer to the regulations of the Treasury Department and illustrations as to the rulings heretofore made in the Bureau of Internal Revenue on this subject. *Personal and Family Expenses,* Art. 291, Reg. 45; *Capital Expenditures,* Art. 293, Reg. 45.

The Commissioner of Internal Revenue has ruled the following to be personal expenses: (1) Amounts paid as damages for breach of promise to marry, C. B. 2, p. 157; (2) attorney's fees and costs in such an action, C. B. II–2, p. 61; (3) amounts expended in defending a suit for damages alleged to have been caused by the negligent operation of an automobile owned and operated for personal convenience, C. B. 4, p. 159; (4) attorney's fees paid by retail druggist in connection with a prosecution for illegal sale of narcotics, C. B. 4, p. 209; (5) trial expenses and

attorney's fees in defending a member of a partnership against criminal charges for violation of the Alien Property Act, C. B. IV–1, p. 170.

The Board of Tax Appeals has held the following to be personal expenses: (1) Expense of defending an indictment for perjury growing out of taxpayer's business, *Appeal of Sara Backer et al.*, 1 B. T. A. 214; (2) expense of defense in proceedings for violation of criminal provisions of the Trading with the Enemy Act. *Appeal of Norvin R. Lindheim*, 2 B. T. A. 229.

The Commissioner of Internal Revenue has held attorney's fees and legal costs in the following cases to be business expenses: (1) Defending title to a patent, C. B. 2, p. 105; (2) defending suit for damages by a tenant working on the taxpayer's farm, C. B. 5, p. 121; (3) defending a suit against doctor for malpractice, C. B. V–1, p. 227; (4) defending disbarment proceedings against an attorney, C. B. V–1, p. 227, reversing C. B. IV–1, p. 140.

The Board of Tax Appeals has held to be business expense the cost of an accounting required by court order to be made at the expense of the taxpayer to ascertain damages resulting from his infringement of a patent. *Appeal of Meyer & Bro. Co.*, 4 B. T. A. 481.

The Commissioner of Internal Revenue has held to be capital expenditures: (1) Attorney's fees paid by a nonresident alien in securing return of property and income from the Alien Property Custodian, C. B. 5, p. 127; (2) Cost of perfecting or defending title to property or reducing an assessment for a local benefit against it, C. B. 3, p. 192; see C. B. I–2, p. 146; (3) Cost of contesting a will, whereby title and possession of property were obtained, C. B. II–1, p. 122.

The Board of Tax Appeals has held that attorney's fees or other legal expenses are capital expenditures in *Appeal of Charles P. Hewes*, 2 B. T. A. 1279; *Appeal of*

*Cons. Mut. Oil Co.,* 2 B. T. A. 1067; *Appeal of Earl M. Palmer,* 3 B. T. A. 403.

The only court decision bearing on the question here under consideration is *Laemmle* v. *Eisner,* 275 Fed. 504, which held that attorney's fees paid in litigation for control of certain stock, resulting in practically the ownership or control thereof and the consequent management of the company, constituted a capital investment rather than a business expense.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The petitioner sued in the Court of Claims to recover $1,126.15, the amount by which his income tax for the year 1918 was increased by reason of the refusal of the Commissioner of Internal Revenue to allow a deduction from the petitioner's gross income of the sum of $10,000 claimed as a business expense for that year. The petition alleges that the latter sum was paid by petitioner for attorney's fees incurred in the defense of a suit against him for an accounting instituted by his former co-partner, said suit growing directly out of the conduct of the partnership business, it being alleged by the co-partner that petitioner had collected fees or compensation for professional services performed during the existence of the partnership to a division of which the co-partner was entitled; that the alleged fees in fact consisted of stock in a corporation acquired subsequently to the dissolution of the partnership and not for services performed during its existence; that the defense to the suit was successful and the amount paid was a necessary expense incurred in connection with petitioner's business within the meaning of § 214(a), subd. (1), of the Revenue Act of 1918, or a loss within the meaning of subd. (4) of the same section; that a claim for refund of the excessive tax was duly made to the Commissioner and by him rejected. To this peti-

tion a demurrer was interposed and by the court below sustained and the petition dismissed on the ground that the expenditure was not an allowable deduction under either provision of the statute, but was a personal expense under § 215(a) of the Revenue Act of 1918. 62 C. Cls. 647.

We think it is obvious that the expenditure is not a loss; and the only provisions of the Revenue Act (c. 18, 40 Stat. 1057, 1066, 1069) which need be considered are § 214(a), subd. (1), which reads:

"Sec. 214. (a) That in computing net income there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business,   .   .   .

and § 215(a) which provides:

"Sec. 215. That in computing net income no deduction shall in any case be allowed in respect of—

" (a) Personal, living, or family expenses."

On the case made by the petition the expenditure in question was either a personal expense or a business expense:—it was not a living or family expense. And it was an " ordinary and necessary " expense, since a suit ordinarily and, as a general thing at least, necessarily requires the employment of counsel and payment of his charges. The petition is not as definite as it might have been, but from its allegations, interpreted as the Solicitor General concedes they may be, it appears that the accounting suit presented the question whether the compensation in respect of which the co-partner sought an accounting was for professional services performed by petitioner during the existence of the partnership or after its termination, the defense to that suit being based upon the latter alternative. In either view, the compensation constituted business earnings.

The Solicitor of Internal Revenue in a recent opinion has held that legal expenses incurred by a doctor of medicine in defending a suit for malpractice were business expenses within the meaning of the statute.    In the course of the opinion it was said that such expenditures were as much ordinary and necessary business expenses as they would be if made by a merchant in defending an action for personal injuries caused by one of his delivery automobiles, and that in the latter case the deduction would be allowed without question.    C. B. V.-1, p. 226.

Another departmental ruling is to the effect that legal expenses incurred in defending an action for damages by a tenant injured while at work on the taxpayer's farm are deductible as a business expense.    C. B. 5, p. 121.

In the *Appeal of F. Meyer & Brother Co.,* 4 B. T. A. 481, the Board of Tax Appeals held that a legal expenditure made in defending a suit for an accounting and damages resulting from an alleged patent infringement was deductible as a business expense.

The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated (*Appeal of Backer,* 1 B. T. A. 214, 216), proximately resulted from, his business, the expense incurred is a business expense within the meaning of § 214(a), subd. (1), of the act.    These rulings seem to us to be sound and the principle upon which they rest covers the present case.    If the expense had been incurred in an action to recover a fee from a client who refused to pay it, the character of the expenditure as a business expense would not be doubted.    In the application of the act we are unable to perceive any real distinction between an expenditure for attorney's fees made to secure payment of the earnings of the business and a like expenditure to retain such earnings after their receipt. One is as directly connected with the business as the other.

*Judgment reversed.*