THE SUPERHEATER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8383.   Promulgated May 18, 1928.

*George E. Holmes, Esq.,* for the petitioner.
*Thomas M. Dudley, Jr., Esq.,* for the respondent.

PHILLIPS: The two errors alleged are stated in the petition to be as follows:

(a) The disallowance of a deduction in the sum of $100,000 taken by the taxpayer in its 1920 return, said amount representing a payment to a certain Swiss partnership and the individuals thereof for the purpose of avoiding litigation in connection with certain acts of the corporation.

(b) The inclusion in income for the year 1920 of $26,025 on the ground that such sum represented a profit to the company resulting from the purchase of shares of stock in a certain British corporation and the execution of an agreement with such British company covering a certain license for the use of patents owned by the Locomotive Superheater Company.

All of the facts with respect to the first issue are admitted by the pleadings. The petitioner claims that it is entitled to deduct the $100,000 paid to the Swiss claimants as either an ordinary and necessary expense of its business or as a loss sustained. The Commissioner denies that it was either an ordinary and necessary expense or a loss. It is unnecessary to repeat here the facts which gave rise to the claim made on behalf of the Swiss claimants. The substance of their complaint was that petitioner canceled its capital stock owned by them and reinstated other stock in such manner that this stock came into the hands of the Alien Property Custodian by reason of which they

were damaged. To avoid litigation on the part of the Swiss claimants for these acts, petitioner agreed to and did pay $100,000 to be released from liability. It would appear that there can be no question of good faith involved, since an agency of the United States owned more than 50 per cent of the capital stock of petitioner and must have given its consent to the payment. We are of the opinion that the Commissioner erred in refusing to permit the deduction of this payment. *Kornhauser* v. *United States,* 276 U. S. 145, and decisions cited; *George C. Peterson Co.,* 1. B. T. A. 690.

The second issue arises out of the circumstances in which petitioner acquired 40,000 shares of the capital stock of the British company. Fifteen thousand shares of this stock were acquired ostensibly in part payment for a right to use and manufacture certain patented devices, and the respondent has included their value as income to the petitioner. Petitioner contends that we should go back of the form of the transaction to its substance, when we will find that the 15,000 shares in question were not issued for the license but were acquired as a part of the transaction by which petitioner acquired 25,000 shares for £18,750 in cash. It would appear that if we are to reach the conclusion which petitioner urges we must go further than looking through form to substance and look through both the form and substance of the transaction to the thoughts which motivated the actions of the parties.

The transaction took the form of a purchase of 25,000 shares of stock for £25,000 and the granting of a license in consideration of the issue of 15,000 shares of stock and the undertaking to pay royalties. This license agreement was not a worthless thing, availed of as a subterfuge for the issuance of stock, but was a *bona fide* contract under which the parties intended to and did operate in subsequent years. The substance of the transaction was that petitioner paid £18,750, the British company issued 40,000 shares of its stock, and the parties entered into the license agreement. The evidence justifies the conclusion that petitioner would not have purchased 25,000 shares of the British company stock for £18,750 had not the license agreement been made. But it does not follow that the transaction, in its substance, falls into two transactions; one a purchase of 40,000 shares for £18,750 and the other the grant of a license in consideration of an undertaking to pay royalties. There is no attempt to show the negotiation of two such transactions, each independent of the other, and a final merging of the two to meet some need.

The substance of the situation is that the parties entered into two contracts which were mutually dependent in their inception. It is not possible to rearrange these as petitioner, in effect, contends we should do, into two contracts having terms other than those fixed by the parties, on the theory that we are looking to the substance

of the transaction. The contracts entered into fully expressed the agreement made by the parties and we see no basis on which we may reframe those contracts on the theory that the parties would have made different contracts had the law permitted.

There is a further consideration which might be mentioned. The contracts as made appear to have been legal. If we were to follow petitioner's suggestion we should be construing the agreements of the parties as illegal. As between the two constructions, that which makes the agreements legal is to be preferred. The action of the Commissioner in adding to income the value of 15,000 shares of the capital stock of the British company is approved.

*Decision will be entered under Rule 50.*