*235 OPINION.
Smith :
Did the amount of $60,194.07 paid out by the petitioner to the detective agency in the year 1921 under the circumstances above described constitute a deductible business expense of that year? Section 214 (a) (1) of the Eevenue Act of 1921 provides in part that in computing net income there shall be allowed as deductions:
All tlie ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered * * *
Section 215 (a) (1) provides:
(a) That in computing net income no deduction shall in any case be allowed in respect of—
(1) Personal, living, or family expenses.
It is not disputed that the farming operations carried on by the petitioner during the taxable year 1921 constituted a trade or business. The respondent takes the position that the expenditure represents, at least in part, a personal expense of the petitioner not connected with a trade or business within the meaning of the statute. He contends that one of the primary purposes for which the detective agency was engaged ivas to protect the persons of the petitioner and his wife and their personal property. He further contends that in any event the expenditure does not represent an “ ordinary and necessary ” expense within the meaning of the statute.
*236 The purpose for which the detective agency was emplo3red and the precise services rendered by the agency are questions of fact to be determined upon the evidence.
There was no written contract pertaining to the employment of the detective agency. W. Sherman Burns, secretary and treasurer of the Wm. J. Burns International Detective Agency, Inc., who was summoned as a witness for the respondent, testified that the nature of the service contracted for was investigating and guarding; that the petitioner’s farm property and personal property, as well as the persons of himself and his wife, were guarded; that the petitioner’s wife was only guarded in her home, which she never left; and that he knew of no specific instances where attacks were made on the petitioner or his wife during the term of the agency’s employment.
The petitioner testified that he employed the detectives primarily to guard his property, particularly his farm property, which was being destroyed by the former employees whom he had discharged; that the bodyguard for himself was furnished against his wishes at the suggestion of William J. Burns; that he had no fear of personal violence; and that his chief concern was for his farm business, which he hoped to be able to resume after cessation of the labor trouble.
There appears to be no serious conflict in this testimony. We think that as a whole the evidence establishes that the operation of the farm business gave rise to the situation which made it necessary for the petitioner to employ the private detectives; that the destruction of the farm property was the proximate cause of the detectives’ employment; and that the services rendered by the detectives, other than those of protecting farm property, were directly related to and were incidental to those services. During this period the petitioner was engaged in no other business than farming. He was, himself, in a sense, an integral part of the farm. If he had been concerned solely with his own personal safety and that of his wife it would have been a much simpler course for him to abandon his residence on Long Island and seek safety in New York City or elsewhere. It is notable, too, that the petitioner did not employ the detectives until the year following the alleged attempt on his life. He did so then as a last resort and as the only apparent means of saving his business.
The question of the deductibility of such an expenditure as that under consideration comes closely within the decision of the Supreme Court in Kornhauser v. United States, 276 U. S. 145, where it was held that attorney’s fees paid out by a taxpayer in defense of a suit brought by a former law partner respecting the right to certain shares of stock received by the taxpayer for professional services performed, as alleged by the claimant, prior to the termination ox *237 the partnership, were deductible from gross income as an ordinary and necessary expense under section 214 (a) (1) of the Revenue Act of 1918. In its opinion the court said:
In the Appeal of F. Meyer & Brother Co., 4 B. T. A. 481, the Board of Tax Appeals held that a legal expenditure made in defending a suit for an accounting and damages resulting from an alleged patent infringement was deductible as a business expense.
The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with or, as otherwise stated (Appeal of Backer, 1 B. T. A. 214, 216), proximately resulted from, his business, the expense incurred is a business expense within the meaning of § 214 (a), subd. (1), of the act. These rulings seem to us to be sound and the principle upon which they rest covers the present case. * * *
Where property connected with a business is imperiled through circumstances arising from the operation of the business, we can see little grounds for distinction between expenses paid out to protect such property from the unjust claims of other persons and expenses paid out to protect it from wanton destruction by other persons.
We think that the deduction should be allowed as an expense of the petitioner’s farming business.

Judgment will be entered under Bule 50.