*900 OPINION.
Akundell :
If the amount paid by petitioner in the defense of the proposed assessment against him was incurred in carrying on any trade or business, or proximately resulted from any trade or business carried on by him, it is an allowable deduction under section 214 (a) of the 1926 Act, the provisions of which permit as a deduction in computing net income “All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * J. W. Forgeus, 6 B. T. A. 291; Caroline T. Kissel, 15 B. T. A. 1270; B. E. Levinstein, 19 B. T. A. 99; Kornhauser v. United States, 276 U. S. 145.
Section 215 (a) of the same act provides against the deduction from gross income of “ personal expenses ” of taxpayers. In the early case of Charles Henry Mattlage, 3 B. T. A. 242, we held, without opinion, that an amount paid to a firm of accountants for services rendered to the taxpayer in connection with the preparation of his individual income-tax return was not a deductible expense.
We have only the facts that were stipulated and they fail to establish that petitioner was engaged in any trade or business in 1921. Certainly the mere filing of an income-tax return can not be said to constitute a trade or business in the sense that those terms are used in the taxing act. That the sum paid was an expense of petitioner can not be denied. But all expenses of a taxpayer are not deductible from gross income under the taxing statutes. Charles Henry Mattlage, supra. In our opinion the item is not deductible.
Reviewed by the Board.

Decision will be entered for the respondent.