*1231 OPINION.
Aeundell:
At the hearing the petitioner waived the issue raised as to the respondent’s disallowance of depletion for the taxable years in the respective amounts of $19,626.62 and $21,591.68.
The deductibility of fees paid the attorney by the trustee on the orders of the petitioner and other heirs at law of the testator in years prior to 1924 under the contracts of employment was at issue in Marion Stone Burt Lansill et al., 17 B. T. A. 413, wherein, after a full consideration of the question, the conclusion was reached that the respondent was right in refusing to allow the amounts as deductions. That decision and Commissioner v. Marshall Field, 42 Fed. (2d) 820, reversing in part 15 B. T. A. 718, control the issue for the year before us in this proceeding.
Subsequent to the settlement of the will contest the heirs at law and the executor and trustee of the testator’s estate were made defendants in a suit in which the complainant claimed the right to a portion of the proceeds of the leased lands acquired by the heirs as the result of their contest of the testator’s will. The petitioner paid as attorney fees and expenses in the successful defense of the action the sum of $19,089.82, which amount she is claiming as a deduction on the theory that it is a business expense.
In deciding in Marion Stone Burt Lansill et al., supra, that thé counsel fees paid prior to 1924 under the contracts of employment were not deductible, we said that the petitioners were only “ passive recipients of royalties ” and held that they were not engaged in carrying on a trade or business. Nor was petitioner’s situation different in 1924 and 1925. The leased ore lands out of which the suit arose were, in 1925 and prior thereto, managed by the executor and trustee of the estate for the account of the parties in interest. So far as the record discloses, petitioner merely received proceeds from properties to the operation of which she gave none of her time. The expense, like the one in Commissioner v. Marshall Field, supra, falls “ within those general costs óf protecting one’s'property for which the statute makes no allowance.” Only where a suit or action against a taxpayer is directly connected with or proximately' *1232 resulted from his business may a fee paid to an attorney in connection therewith be regarded as a business expense and deductible as such under section 214 (a) (1). Kornhauser v. United States, 276 U. S. 145.
Having concluded that the petitioner was not engaged in a trade or business, it follows that the amount expended in the preparation of her income-tax return for 1924 is not a deductible item. Charles Henry Mattlage, 3 B. T. A. 242; Frank C. Hermann, 20 B. T. A. 899.

Deeision will be entered for the respondent.