*691 OPINION.
MoRkis:
Section 214(a) (1) of the Revenue Act of 1926 provides for the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. The petitioner contends that the $14,160.67 paid counsel for securing the refund is deductible under the above provision, or that the transaction was one entered into for profit. The latter contention is not argued to its conclusion, but is apparently based on section 214(a) (5) of the Revenue Act of 1926, which allows the deduction of losses sustained in a transaction entered into for profit. The expenditure is obviously not a loss. Kornhauser v. United States, 276 U. S. 145. The respondent disallowed the deduction upon the ground that it was a personal expense and not one incurred in carrying on a trade or business.
The Supreme Court in Kornhauser v. United States, supra, after citing certain Departmental and Board rulings in which legal expenses were allowed as deductions, said: “ The basis of these holdings seems to be that where a suit or action against a taxpayer is directly *692 connected with, or, as otherwise stated {Appeal of Baoher, 1 B. T. A. 214, 216), proximately resulted from his business, the expense incurred is a business expense within the meaning of § 214 (a), Subd. (1) of the act. These rulings seem to us to be sound * * * .” Examining the facts in the instant proceeding in the light of the foregoing, we are of the opinion that the legal expenses were not paid in carrying on any trade or business. It was stipulated that during the year 1925 the petitioner was president of the A. C. Barnes Co. and actively engaged in the management of its affairs, and that he was not engaged in any other business during said year. The record further shows that he owned practically all of the stock of said company during 1917 and 1918, the years for which the refund was granted, and presumably he was managing head during those years. The expenditure was neither directly connected with the petitioner’s business as manager of the corporation nor proximately resulted therefrom.
Reviewed by the Board.

Decision will be entered for the respondent.

LaNSdoN and Teussell dissent.