*476 OPINION.
McMahon:
The respondent denied as deductions from gross income of the petitioner for the years 1922 to 1926, inclusive, amounts claimed by the petitioner as legal expenses incurred in the defense of a lawsuit brought against him, the Greenville Finishing Company, Inc., and A. F. Shaw, in 1919, by the Acme Finishing Company. The amounts expended bjr the petitioner in this connection were $4,591.69 in 1922, $3,135.99 in 1923, $5,559.74 in 1924, $4,988.52 in 1925, and $5,981.49 in 1926. Petitioner contends that these expenditures were ordinary and necessary business expenses incident to the converting business which he conducted in partnership with Tilton under the name of Tilton and Keeler, and are deductible from his individual gross income for the years in question. The respondent contends that the amounts in question are not deductible because the petitioner was not engaged in carrying on a trade or business during the years 1922 to 1926, inclusive, within the meaning of section 214 (a) (1) of the Revenue Acts of 1921, 1924 and 1926.
From a careful consideration of the evidence which we have set forth in detail in our findings of fact, we conclude that the •expenditures in question proximately resulted from petitioner’s business and are deductible, as ordinary and necessary business *477 expenses, from petitioner’s gross income of the respective years in which the payments were made. See Kornhauser v. United States, 276 U. S. 145, in which the Supreme Court of the United States stated in part:
The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated (Appeal of Backer, 1 B. T. A. 214, 216), proximately resulted from, his business, the expense incurred is a business expense within the meaning of section 214 (a), subd. 1, of the act. These rulings seem to us to be sound * * ⅜.
The respondent erred in disallowing the above claimed deductions.
Petitioner contends that his payment of $12,412.17, to Shaw and his transfer of the 200 shares of Acme Finishing Company stock to the Greenville Finishing Company, Inc., in settlement of the Acme Finishing Company lawsuit constituted either losses sustained by him in his trade or business, or losses sustained in a transaction entered into for profit though not connected with the trade or business. Section 214 of the Revenue Act of 1926 provides:
(a) In computing net income there shall be allowed as deductions:
* * * * * * *
(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise; if incurred in trade or business;
(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *
Petitioner testified that the decree dismissing the suit was based upon the surrender to the Greenville Finishing Company, Inc., by the petitioner and Shaw of their stock in the Acme Finishing Company. He further testified that his payment of $12,412.17 to Shaw and his surrender of 200 shares of Acme Finishing Company stock to the Greenville Finishing Company, Inc., were in pursuance of the terms of the agreement of settlement. Neither the decree nor the settlement agreement was submitted in evidence, and from the other evidence adduced we are unable to understand the settlement. Even if the agreement of settlement does provide as stated by petitioner, we are without any proof to show that petitioner was required to enter into such an agreement. From the evidence before us we can not determine definitely, that these payments did, in fact, constitute losses. With regard to the surrender of the 200 shares of Acme Finishing Company stock to the Greenville Finishing Company, Inc., we do not see how this could in any event be considered a total loss to the petitioner since petitioner owned a one-third interest in the Greenville Finishing Company, Inc. The transfer of this stock to the Greenville Finishing Company, Inc., would increase the value of petitioner’s holdings in the Greenville Finishing Company, Inc.
*478 The respondent did not err in disallowing the claimed deductions.
The respondent also disallowed as a deduction from gross income of the petitioner for the year 1926, an amount of $2,000 paid by the petitioner to C. W. McGuire for services in connection with the income tax upon petitioner’s income from Tilton and Keeler. This expenditure was not an ordinary and necessary business expense and the respondent’s action must be approved. Charles Henry Mattlage, 3 B. T. A. 242, and Frank C. Hermann, 20 B. T. A. 899.
Reviewed by the Board.

Judgment will be entered under Rude 50.