CHICAGO DOCK & CANAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48268.    Promulgated March 14, 1935.

*Harry B. Sutter, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

234

McMahon: The first question presented is whether the amount of $23,452.16 expended by the petitioner in the fiscal year ended April 30, 1928, as brokerage fees and attorney fees incident to the execution of a 40-year lease on property owned by the petitioner, constituted ordinary and necessary business expense for that year and hence was deductible in that year, or whether it constituted a capital expenditure, deductible over the years of the lease. It has been repeatedly held that such expenditures constitute capital expenditures deductible pro rata over the life of the lease. *Edward T. Blair*, 31 B. T. A. 1192, and cases cited therein; *James M. Butler*, 19 B. T. A. 718; *Central Bank Block Association*, 19 B. T. A. 1183; affd., *Central Bank Block Association* v. *Commissioner*, 57 Fed. (2d) 5; *Starr Piano Co.*, 26 B. T. A. 835; *Blanche B. Burley, Executrix*, 26 B. T. A. 615; and *M. & F. Holding Corporation*, 26 B. T. A. 504.

The petitioner, however, contends that those cases are distinguishable from the instant proceeding, since the business of the taxpayer involved in each one of those cases was not solely that of leasing its own properties. Petitioner contends that since it was in such a business, the expenditure in question constitutes an ordinary and necessary expense of such business. We fail to see a valid distinction. While it is true that such an expenditure as this might be termed an ordinary and necessary *expenditure* in the petitioner's business, yet it can not be said that it was an *ordinary and necessary expense of the business* within the meaning of the revenue act. The benefit to be derived from the income-producing asset resulting from the expenditure in question was not confined to the taxable year ended April 30, 1928, but will extend over the years of the lease. This, as we construe the intent of the revenue acts, is the distinction between an ordinary and necessary business expense and a capital expenditure. See *C. F. Lytle*, 21 B. T. A. 1423. As to this issue, the respondent's determination is approved.

The remaining question is whether the respondent erred in disallowing the deduction, in the year in question, of the amount of $9,486.70 representing attorney fees and fees paid to a witness for expert testimony before the County Court of Cook County, Illinois, in accomplishing the reduction of the amount of a special assessment against the petitioner for alleged benefits flowing to the petitioner's property by virtue of the widening of LaSalle Street. The amount of the original assessment was $65,149, and the result of these expenditures by the petitioner was a holding by the court that the benefit resulting to the petitioner from the widening of such street amounted to only $22,286.45, and that the assessment should be the latter amount. The question is whether this expenditure of $9,486.70 constituted an ordinary and necessary expense of the petitioner's business, and, therefore, was deductible in the year in which expended.

The question of what constitutes ordinary and necessary expenses was before the Supreme Court in *Welch* v. *Helvering*, 290 U. S. 111. The Court there said:

* * * Now, what is ordinary, though there must always be a strain of constancy within it, is none the less a variable affected by time and place and circumstance. Ordinary in this contract does not seem to mean that the payments must be habitual or normal in the sense that the same taxpayer will have to make them often. A lawsuit affecting the safety of a business may happen once in a lifetime. The counsel fees may be so heavy that repetition is unlikely. None the less, the expense is an ordinary one because we know from experience that payments for such a purpose, whether the amount is large or small, are the common and accepted means of defense against attack. Cf. *Kornhauser* v. *United States*, 276 U. S. 145, 48 S. Ct. 219, 72 L. Ed. 505 * * *

See also *Udolpho Wolfe Co.*, 15 B. T. A. 485, and *A. Harris & Co.* v. *Lucas*, 48 Fed. (2d) 187.

We believe that the expenditure in question must be considered an ordinary and necessary business expense and, therefore, deductible. It is to be noted that the expenditure was not made for the purpose of obtaining benefits to the petitioner's property, but was for the purpose of reducing the amount of an assessment, reflecting the cost of those benefits, and that the assessment was, in fact, reduced. In our view, it is to be considered the same as any other legal or witness fee paid to reduce liability, whatever the nature of the liability. *Leichner & Jordan Co.*, 4 B. T. A. 133; *Lena G. Hill*, 8 B. T. A. 1159. By virtue of this expenditure of $9,486.70, the petitioner obtained no asset which it did not have before, nor did any benefit flow to the property itself by virtue of the expenditure. The benefit to the property is measured by the reduced assessment of $22,286.45, and not by the attorney fees or witness fees. That this expenditure was an ordinary and necessary incident to the peti-

tioner's business of owning and leasing properties cannot, we think, be denied. In our opinion, it is equally clear that it was an ordinary and necessary expense of the business rather than a capital expenditure. This expenditure is not like the expenditure to obtain a lease, such as is involved in the first issue in this proceeding, the benefit of which, barring contingencies, is certain to be reflected over a fixed number of years. The deduction should be allowed. In principle, this view is supported by *Leichner & Jordan Co.*, *supra*, and *Lena G. Hill*, *supra*. See also *Udolpho Wolfe Co.*, *supra; H. E. Bullock*, 16 B. T. A. 451; *Benjamin Paschal O'Neal*, 18 B. T. A. 1036; *Flemmon E. Gloyd*, 19 B. T. A. 966, affirmed on another issue in *Gloyd v. Commissioner*, 63 Fed. (2d) 649; certiorari denied, 290 U. S. 633; *Fred T. Ley*, 21 B. T. A. 216; *Samuel D. Leidesdorf*, 26 B. T. A. 881; *Memphis Memorial Park*, 28 B. T. A. 1037; *A. Harris & Co. v. Lucas*, *supra;* and *Saks & Co.*, 20 B. T. A. 1151, 1156.

*Decision will be entered under Rule 50.*