HELEN W. HEILBRONER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71698. Promulgated October 22, 1936.

*Joseph R. Little, Esq.,* for the petitioner.
*James H. Yeatman, Esq.,* for the respondent.

#### OPINION.

STERNHAGEN : The Commissioner determined a deficiency of $450.75 in petitioner's individual income tax for 1930. Income was increased because of an omission of $120 in dividends reported. This item is not contested. The petition assails the following determination:

2. Commissions for collecting income, $583.13, and business expenses, $1,200, for keeping records, have been disallowed as deduction from income, inasmuch as you are not engaged in business. The expenses in question are held to be personal.

By amended petition, the income included by the taxpayer on her return is sought to be reduced by $19,109 received under life insurance policies of her deceased husband. The facts as to this item are stipulated and need not be specially found. They are essentially the same

as those in *Edith M. Kinnear*, 20 B. T. A. 718; and, following that decision, the amount of $19,109 is held to have been properly included by the taxpayer in her gross income.

The evidence shows that petitioner was a widow who, upon her husband's death, received a substantial estate, mostly in securities. She had no business experience. She placed some of her securities with a trust company to collect the income, and paid the trust company $583.13 as its charge or commission for such service. Her brother had an individual office and a secretary or bookkeeper. Petitioner's accounts and affairs were to some extent looked after by this secretary, and, by arrangement with her brother, petitioner paid $1,200 as her proper share of the secretary's compensation and the office rent. This she deducted on her return, and the Commissioner disallowed the deduction.

Unless the deduction is within the fair intendment of the statute, Revenue Act of 1928, it may not be taken. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435; *Helvering* v. *Inter-Mountain Life Insurance Co.*, 294 U. S. 686. There is no deduction among those set forth in the statute which covers these expenditures. It would be an unwarranted distortion of language to say that they were "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" (sec. 23 (a)). Petitioner was not carrying on any trade or business. Even the "very comprehensive term" referred to in *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, does not reach her for, as shown by this evidence, there was nothing about which petitioner was employed and nothing that occupied her time, attention, or labor for livelihood or profit. She did not manage her estate or direct its management. She merely received income from investments, and this is not a trade or business. *Gertrude D. Walker*, 20 B. T. A. 937; affd., 63 Fed. (2d) 351; certiorari denied, 289 U. S. 746. In *Marion Stone Burt Lansill*, 17 B. T. A. 413, 425; affd., 58 Fed. (2d) 512, the Board said:

How can it be said that these petitioners were carrying on a trade or business? They were the passive recipients of royalties which inured to them by reason of their ancestor's will and the court's decree. They carried on no activity in which they were employed and there was nothing to "occupy their time, labor or attention for the purpose of livelihood or profit," as the term "business" has been sometimes broadly defined. Bouvier's Law Dictionary; *Flint* v. *Stone Tracy Co.*, 220 U. S. 107. See also *Charles L. Suhr*, 4 B. T. A. 1198; *Albert M. Briggs*, 7 B. T. A. 409; *Ignaz Schwinn*, 9 B. T. A. 1304; *B. H. Kizer*, 13 B. T. A. 395. It is not enough to say that by virtue of their contract with the attorneys this percentage was a "charge against the income when derived," because, while such charges may be treated as deductible expenses if incident to a trade or business, as in *La Monte* v. *Commissioner*, 32 Fed. (2d) 220; *American Cemetery Co.* v. *United States*, 28 Fed. (2d) 918, the statutory language expressly restricts the charge to that of trade or business. This also

distinguishes *Kornhauser* v. *United States*, 276 U. S. 145, in which the attorneys' fees were incurred as an incident of litigation of an undisputed business.

Article 121 of Regulations 74[1] can not expand the statute, and it does not purport to. It deals only with business expenses, and enumerates some of them, including management expenses and commissions. Expenses and commissions outside of business are beyond the scope of the article, as they are of the statute. The Commissioner has made this determination, and defends it as a matter of law. Upon the law, it must be decided; and since there is nothing in the statute permitting the deduction, its disallowance must be upheld. It may be added that had Congress, instead of confining the deduction to business expenses, intended to broaden it as it is now suggested that the statute should be construed, it could plainly have described the deduction to include the expenses incident to the earning or receipt of income irrespective of trade or business.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

LEECH dissents.

_____

SMITH, dissenting: I am of the opinion that the petitioner is entitled to deduct from gross income of 1930, $583.13 representing commissions paid for collecting income and the $1,200 paid as her proper share of the secretary's compensation and office rent.

The whole theory of the income tax acts is that an individual shall be taxed only upon "gains, profits, and income" derived from various sources. See section II B of the Revenue Act of October 3, 1913, and section 22 (a) of the Revenue Act of 1928. Section 23 of the Revenue Act of 1928 provides, in part, as follows:

In computing net income there shall be allowed as deductions:

(a) *Expenses.*—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

*   *   *   *   *   *   *

(k) *Depreciation.*—A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. * * *

_____

[1] ART. 121. *Business expenses.*—Business expenses deductible from gross income include the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business, except the classes of items which are deductible under the provisions of articles 141–271. The cost of goods purchased for resale, with proper adjustment for opening and closing inventories, is deducted from gross sales in computing gross income. (See article 55.) Among the items included in business expenses are management expenses, commissions, labor, supplies, incidental repairs, operating expenses of automobiles used in the trade or business, traveling expenses while away from home solely in the pursuit of a trade or business (see article 122), advertising and other selling expenses, together with insurance premiums against fire, storm, theft, accident, or other similar losses in the case of a business, and rental for the use of business property. A taxpayer is entitled to deduct the necessary expenses paid in carrying on his business from his gross income from whatever sourse. As to items not deductible, see section 24 and articles 281–284.

These deductions in substantially this form have been allowed under all the income tax acts from October 3, 1913.

Section 24 of the Revenue Act of 1928 provides in part as follows:

(a) *General rule.*—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses;

(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate;

(3) Any amount expended in restoring property or in making good the exhaustion thereof for which an allowance is or has been made; * * *

The Commissioner, by his regulations, has in general permitted the deduction from gross income as necessary business expenses any amounts paid out in connection with the acquisition of the gains. In Treasury Decision 2090, December 14, 1914, it was held: "A commission paid to a real estate agent for collecting rents and management of property is a legitimate expense and constitutes an allowable deduction in computing net income." This permission has always been allowed and has been carried into the regulations. The deduction has never been made to depend upon whether the recipient of the rent was a real estate dealer or had a real estate business. Repairs upon the rented real estate have also always been allowed as an "ordinary and necessary expense paid * * * in carrying on * * * business." See article 124 of Regulations 74, promulgated under the provisions of the Revenue Act of 1928. A reasonable allowance for depreciation upon the rented property has likewise been allowed as a deduction from the gross income, even though the owner was only an investor. See article 201 of Regulations 74. Consonant with this interpretation the respondent ruled, in I. T. 2579, C. B. X-2, page 129: "If a safety deposit box is used primarily in connection with the safeguarding of income-producing securities the rent paid therefor would constitute a deductible business expense."

It has also always been held that an estate or trust is entitled to deduct from gross income the commissions paid to the executor or to the trustee. The estate or trust has always been regarded as carrying on "business", although the services performed consisted only of the collection of the income.

In Holmes Federal Taxes, Sixth Edition, p. 908, it is stated: "As a general rule, the expenses which may be deducted are those necessary for or incidental to the creation of the income which is taxed."

Manifestly, in view of the Commissioner's regulations, the question as to whether commissions paid for the collection of rents or other income has not hitherto been presented to the Board or to the courts. The Board has held, however, in many cases, that the cost of repairing rented property is an ordinary and necessary expense even where the facts indicated that the taxpayer was only an owner

of the rented real estate and had no "business" in connection with the real estate in the sense in which' that term is used in the majority opinion. See *Salo Auerbach*, 2 B. T. A. 67; *Louise Kingsley*, 11 B. T. A. 296. It is also pertinent to note that in *Harold Mortenson*, 3 B. T. A. 300, we held that expense of premiums on an insurance policy taken out by a stockholder on a vessel, practically the sole asset of the corporation, in order to protect his investment, was an ordinary and necessary business expense and deductible from the gross income. In *Alfred Le Blanc*, 7 B. T. A. 256, we held that a stockholder of a corporation, who, to protect and conserve his own business interests, enters into an agreement with an employee of the corporation that such employee shall receive the dividends upon his shares of stock so long as the employee shall remain with the corporation, is entitled to deduct the amounts of the dividends paid to the employee as a business expense.

In *Lillian M. Goldsmith*, 7 B. T. A. 151, we held that an item of $1,040, personally paid by the taxpayer to one Louis Kottler to look after her interests in a corporation in which she owned a one-half interest during her temporary residence in a state other than the state in which the business was carried on, was a legal deduction from gross income as a necessary business expense.

In *Biscayne Trust Co., Executor*, 18 B. T. A. 1015, we held that the petitioner's decedent was entitled to deduct as ordinary and necessary expenses amounts paid for care and maintenance of property held as investment for future profits.

In article 121 of Regulations 74 the respondent treats as ordinary and necessary expenses:

* * * management expenses, commissions, labor, supplies, incidental repairs, operating expenses of automobiles used in the trade or business, traveling expenses while away from home solely in the pursuit of a trade or business (see article 122), advertising and other selling expenses, * * *

It appears to me that the petitioner was engaged in a trade or business within a fair interpretation of the law and the regulations and that the commissions paid to the trust company were clearly a business expense deductible from gross income.

The regulations of the Commissioner permitting the deduction of commissions of the nature of those paid by the petitioner have been in force for more than 20 years. Successive income tax acts have been passed by Congress permitting the deduction from gross income of "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." It must be assumed that Congress was aware of this interpretation by the respondent and that it put its stamp of approval upon those regulations by enacting in successive income tax acts the above quoted provision without change.

In *Kornhauser* v. *United States*, 276 U. S. 145, the question was whether the taxpayer for the year 1918 was entitled to deduct from gross income as a business expense an attorney's fee paid in securing to himself the benefits of a law partnership which had been dissolved apparently prior to 1918. The United States Court of Claims had denied the deduction as an ordinary and necessary expense of carrying on any trade or business. The Supreme Court held, however, that the amount was a legal deduction, upon the ground that it was paid in protection of income that had been previously earned. The facts do not indicate that Kornhauser was engaged in any "business" within the year 1918.

In the majority opinion it is stated: "Petitioner was not carrying on any trade or business." I think that she was. I think that the management of her estate was "the carrying on of * * * business" within the intendment of the statute. The language of the statute does not require that the taxpayer must be engaged in *a* business. The language of section 23 (a) of the applicable statute is "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on * * * business." The classification contained in the statute warrants the deduction from gross income of "business expenses." Section 24 of the statute is specific that personal, living, or family expenses, and amounts paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate may not be deducted from gross income. The commissions paid by the petitioner in 1930 were clearly not of the nature of expenses specifically disallowed as deductions from gross income.

I think it is clear that the commissions paid by the petitioner constituted a necessary business expense. They were paid for services in connection with the collection of income upon her securities.

If the interpretation placed upon the statute in the prevailing opinion is the correct one, then the settled practice of the Commissioner from the inception of the income tax acts has been wrong. He should not have allowed mere investors in real estate to deduct from gross income commissions paid for the collection of rents, repairs made upon rented property, and depreciation in respect of the rented property, except in those cases where the lessor is to be regarded as giving such time and attention to the rental of the real estate as would constitute a "business." The deduction would be allowed to large investors but not to small investors. I can not believe that such a construction was contemplated by Congress in permitting the deduction from gross income of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on * * * business."

It appears to me that there is no essential difference between the deduction of the $1,200 paid by the petitioner as her proper share of the secretary's compensation and office rent and the $583.13 paid as commission to the trust company. In fact the respondent at the hearing of this proceeding (he filed no brief) made no such contention. In my opinion both amounts are legal deductions from gross income as "ordinary and necessary expenses paid * * * in carrying on * * * business."

ARNOLD agrees with this dissent.