HARRY H. NEUBERGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78919.   Promulgated January 28, 1938.

*W. H. Friedman, Esq.*, for the petitioner.
*J. R. Johnston, Esq.*, for the respondent.

OPINION.

Arnold: The first error complained of by the petitioner relates to a loss sustained by him, personally, in the disposition of securities which were not capital assets as defined in section 101 of the Revenue Act of 1932, disallowed by the respondent as an offset against, and in the reduction of, partnership profits, to which he was entitled, and which were derived by it from the sale of noncapital securities. This question is now well settled and must be resolved in favor of the respondent, upon the authority of *Percy H. Johnston*, 34 B. T. A. 276; affd., 86 Fed. (2d) 732; certiorari denied, 301 U. S. 683, and *Winmill* v. *Commissioner*, 93 Fed. (2d) 494, affirming the Board at 35 B. T. A. 804, on this point.

The respondent now concedes the petitioner's right to deduct stock transfer taxes paid by him to the Federal and State Governments during the taxable year, amounting to $2,779.69. So that the sole remaining question is whether or not the petitioner is entitled to deduct commissions paid upon purchases and sales of securities, as

ordinary and necessary expenses incurred in his business as a trader in securities, under section 23 (a) of the Revenue Act of 1932, or whether he must treat such commissions on the former as a part of cost and on the latter as an offset against the selling price, as provided in article 282 of Regulations 77, and prior regulations. This identical question was before us in *Robert C. Winmill*, 35 B. T. A. 804, wherein we sustained the action of the respondent under his regulations and denied the contention of the petitioner. In its opinion, upon appeal, the Second Circuit reversed the Board on this point, holding commissions paid on both purchases and sales, by one engaged as a trader in the business of buying and selling securities, to be ordinary and necessary business expenses, applying the same principles to a trader in securities as heretofore applied to other businesses in *Highlands Trust No. 1546*, 32 B. T. A. 760; also, *Alexander Sprunt & Son, Inc.*, 64 Fed. (2d) 424; *Kornhauser* v. *United States*, 276 U. S. 145; and *Clarence Whitman*, 16 B. T. A. 197; affd., 49 Fed. (2d) 1087. The Board having failed to find, as a fact, whether or not the petitioner there was a trader in the business of buying and selling securities, the court remanded the proceeding for that purpose and directed that if so found such commissions should be allowed as deductions. Complying with the mandate of the court, the Board so found and entered its order on December 31, 1937, directing recomputations by deducting from taxable income the commissions upon purchases and sales of securities.

We have found, from the nature of the petitioner's business and the volume of transactions entered into by him, individually, that he was a trader in the business of buying and selling securities. This, it would seem, the respondent has never disputed.

The respondent's determination shall be modified accordingly.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*