OPINION. LeMiRE, Judge: The only question for our determination is whether or not the legal expenses paid by Enterprises in 1943, in connection with resisting jurisdiction over itself, Interstate, and Rialto by New York courts of .the suit by Paramount, were ordinary and necessary business expenses of the corporation. Respondent contends that the amount was expended as part of the defense of a suit over title to stock in the three corporations for the benefit of a stockholder, and consequently does not constitute business expense. Generally, expenditures incurred in defense or protection of title to property are required to be treated as capital expenditures. See Safety Tube Corporation, 8 T. C. 757; affd., 168 Fed. (2d) 787. It is clear from the evidence in this proceeding, however that the corporations had no title or interest to defend or protect in the stock involved in the suit, since it all belonged to Cooper personally, and that they were only nominal parties defendant to the suit. Cooper undoubtedly benefited from the corporate litigation on the jurisdiction issue in the suit, but the course taken by the corporations in successfully resisting the jurisdiction of the New York courts was primarily for their own benefit to avoid further involvement in the suit, with its anticipated attendant difliculties and expense. There was no litigation over the title to the stock up to the point where the suit was dismissed as to the‘corporations. It was only over the jurisdictional question. Legal expenditures incurred in the removal and jurisdictional proceeding by the corporations can not be said to have been incurred either for the defense or protection of title to the stock or for Cooper’s benefit, except in that it was of some incidental benefit to him. It is true that the corporations themselvéS had no direct interest in the outcome of the suit between Cooper and Paramount as to ownership of the stock, but they did have an interest in avoiding the consequences that might arise from their position as defendants in that suit. The fact that this litigation was unusual in the affairs of the corporation does not prevent it from having a direct effect upon their business. Ordinary and necessary expenses incurred or paid during the taxable year in carrying on any trade or business are deductible under section 23 (a) (1) (A) of the Internal Revenue Code. Legal expenses in defense of suits attacking a taxpayer do. not have to be habitual or normal in the sense that the same taxpayer would have to make them often, but may be unique in the life of the taxpayer, since they are accepted as the ordinary and necessary means of defense against attack. Welch v. Helvering, 290 U. S. 111. Here, the corporations took a reasonable course of action in resisting jurisdiction of the suit in courts outside Colorado. In so doing they avoided possible serious interference with their business. Estimates of the expense and difficulties which might otherwise have resulted were necessarily speculative, but Enterprises’ view that they might have been considerable was a reasonable one to take. We conclude that the legal expenses incurred and paid by Enterprises in connection with the Paramount suit are ordinary and necessary business expenses of the corporation. Kornhauser v. United States, 276 U. S. 145. Respondent contends in the alternative that if the legal expenses in question are held to be deductible as ordinary and necessary business expenses, not more than one-third of the total expenses of the litigation is deductible by Enterprises. Respondent argues that Interstate and Rialto were equally involved in the litigation with Enterprises and that the expenses should be apportioned equally between the three corporations instead of being borne entirely by Enterprises. , There is no evidence of any agreement among the three corporations which obligated Enterprises to pay the entire amount. However, the entire record shows that Enterprises was the principal operating company of the Colorado theatres and that the employees and records which might have become involved in the litigation if it were pursued further in New York were employees and records of Enterprises. Rialto was not an operating company and had neither employees nor records which might have been involved in the litigation. Interstate was an operating company, but it paid management fees to Enterprises for supervision and management services by it and had only one employee and no appreciable amount of records which would have been involved in the litigation. Enterprises alone had a sound basis for anticipating that a full tlial of the case in New York would result in considerable expense and interference in its business. The principal benefit from the result of the litigation was to Enterprises. Benefits to Rialto from the litigation, if any, were negligible. Benefits to Interstate were slight and were compensated for by the weekly payments to Enterprises for management. Although some share of the expenditures could have been paid by the other corporations, the evidence is that payment of the entire amount by Enterprises was reasonable in view of the interrelationship of the corporations. We conclude that the entire amount of legal expenses, $21,166.46, was incurred and paid by Enterprises and' was properly deductible by Enterprises as a business expense of 1943. Decision will J>e entered under Rule 50.