STANLEY COHEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cohen v. Commissioner
Docket No. 737-89
United States Tax Court
T.C. Memo 1990-358; 1990 Tax Ct. Memo LEXIS 375; 60 T.C.M. (CCH) 135; T.C.M. (RIA) 90358; July 16, 1990, Filed *375 Decision will be entered under Rule 155. Stanley Cohen, pro se. Deborah *376 Y. Clark, for the respondent. GUSSIS, Special Trial Judge. GUSSIS
This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code and Rule 180 et seq. [1]
Respondent determined a deficiency in petitioner's Federal income tax for the year 1985 in the amount of $ 2,434 and an addition to tax under section 6651(a)(1) in the amount of $ 226.50. Concessions made by the parties will be given effect in the Rule 155 computation. In the notice of deficiency, respondent allowed a medical expense deduction in the maount of $ 2,228 and disallowed the balance of $ 498. Petitioner introduced no evidence with respect to this issue at the trial and, consequently, the issue is deemed abandoned. The remaining issue is whether petitioner *377 is entitled to deductions in 1985 for employee business expenses in excess of the amount allowed by respondent. Some of the facts were stipulated and they are so found. Petitioner was a resident of Baltimore, Maryland at the time the petition herein was filed. In 1985 petitioner was employed by McGraw-Hill, Inc. as a law book representative on Federal government accounts. Petitioner's work, much of it in the Washington, D.C. area, involved servicing the accounts as well as selling. On his 1985 Federal income tax return petitioner claimed deductions for automobile expenses of $ 5,795 and various other employee business expenses in the amount of $ 4,176. Respondent disallowed the deductions in full. Petitioner has the burden of proof. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). With respect to the automobile expense deduction, petitioner stated on his return that his total mileage was 34,033 miles and that his business mileage was 30,630 miles. He therefore attributed 90 percent of his automobile expenses to business use. Petitioner kept no records with respect to his automobile usage. However, it is apparent from this record that much of this mileage *378 was attributable to petitioner's commuting from his home in Baltimore to the Washington, D.C. area, a distance of some 40 miles, where most of the government agencies were located. It is settled law that the cost of commuting is a nondeductible personal expense. Commissioner v. Flowers, 326 U.S. 465 (1946); section 1.162-2(e), Income Tax Regs. While transportation costs incurred between the locations of the different agencies visited by petitioner during the day may be deducted, there is nothing whatever in this record to support any reasonable allocation of the total mileage in 1985 to such local transportation. In short, there is insufficient evidence in the record to permit any estimate that some portion of the various automobile-related expenses were in fact incurred for business purposes. Moreover, the record establishes that McGraw-Hill actually had a reimbursement policy in effect during the year at issue and that petitioner did in fact receive reimbursements from his employer in 1985 in the amount of $ 4,961.99. Consequently, even if some portion of the automobile expense did in fact constitute a business expense, it would appear that such business expense *379 were included in the reimbursements to petitioner. Petitioner offered no evidence whatever concerning the reimbursements he received from his employer. On this record, therefore, we must conclude that petitioner is not entitled to any deduction for automobile expenses in 1985 in excess of the amount allowed. Respondent also disallowed in full certain miscellaneous employee business expense deductions claimed by petitioner in 1985 in the amount of $ 4,176. Respondent has now conceded that petitioner is entitled to deductions for travel and entertainment in the amount of $ 425, mailing expenses of $ 61.76, and parking fees of $ 1,500.
Petitioner claimed a deduction for legal fees of $ 600 as an employee business expense. The legal expenses apparently were incurred in a controversy with an automobile leasing agency whigh sought to recover from petitioner the cost of repairs to the leased automobile. There is nothing in the record to establish that the expense was directly related to or proximately resulted from petitioner's trade or business of being an employee of McGraw-Hill. See Kornhauser v. United States,276 U.S. 145 (1928). Conceivably, the damage to the automobile *380 could have occurred while petitioner was commuting to work, in which case the ensuing controversy would be insufficiently related to petitioner's business to warrant a deduction. We must conclude that petitioner has failed to meet his burden of proof with respect to this item. For the same reasons, we must conclude that petitioner is not entitled to a deduction of $ 375 paid to the Maryland Automobile Insurance Fund (the Fund). The Fund is a State insurance fund which provides automobile insurance for individuals who are unable to obtain regular insurance. Petitioner, who was insured by the Fund, was involved in an accident resulting in an action brought against him. Petitioner failed to appear in Court and, consequently, the Fund paid the claim and sought repayment from petitioner. There is absolutely nothing in the record with respect to the circumstances of the accident. Petitioner has therefore failed to establish that the accident occurred within the ambit of his business and that the payments he was obligated to make to the Fund as a result of such accident were proximately related to petitioner's business in order to warrant a deduction under section 162. See Kornhauser v. United States, supra. *381 Respondent is sustained with respect to this item.
Petitioner claimed a deduction in the amount of $ 65 for traffic and parking violations. Section 162(f) specifically provides that no deduction shall be allowed under section 162(a) for fines and penalties paid for violations of governmental laws or ordinances. See O'Connor v. Commissioner, T.C. Memo. 1986-444. We sustain respondent with respect to this item. Petitioner claimed a deduction for the full amount of his home telephone service in 1985 in the amount of $ 375.82. The cost of a telephone in a personal residence may be a deductible business expenses provided it is closely related to petitioner's earning of income and is reasonably necessary in the course of his employment. Here, there is no evidence of any employer requirement for the house phone. Petitioner lived alone and did not have an answering service. Petitioner's work required him to call on his Federal government accounts servicing the law book needs of his customers. Petitioner's self-serving and general testimony that his government accounts would call him at home in the morning or in the evening is unpersuasive. On this record, we do not believe *382 that petitioner has met his burden of showing that the cost of his home phone qualifies as a business expense under section 162(a). Respondent is sustained on this issue.
Petitioner contends that he is entitled to employee business expense deductions for postage in the amount of $ 200, the costs of telephone calls made during the day, $ 600, and supplies, $ 200. Petitioner explained that these items constitute cash expenditures. No record of the expenditures was kept by petitioner. Petitioner's self-serving testimony was vague and general in nature and wholly unconvincing. Even if some of these expenditures, such as the phone calls made during the day, were actually incurred, it is entirely conceivable that the costs were reimbursed by McGraw-Hill which, as we have indicated above, made reimbursements to petitioner in 1985 in the amount of $ 4,961.99. Moreover, if petitioner chose not to claim reimbursements from his employer, he would not be entitled to deduct these amounts as ordinary and necessary business expenses under section 162(a). Stolk v. Commissioner, 40 T.C. 345, 350 (1963), affd. per curiam 326 F.2d 760 (2d Cir. 1964). We conclude on this *383 unsatisfactory record that petitioner has not met his burden of proof, and we hold that he is not entitled to deduct any portion of these purported expenditures as ordinary and necessary business expenses under section 162(a).
Petitioner has conceded the addition to tax under section 6651(a)(1). However, he argues that he should not be made liable for the interest attributable to the section 6651(a)(1) addition to tax. Generally, this Court does not have jurisdiction over matters concerning interest. LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975). Consequently, we cannot consider petitioner's argument.
Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩