MATSON NAVIGATION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36126.   Promulgated September 15, 1931.

*Herman Phleger, Esq., Gregory A. Harrison, Esq.,* and *A. Dewitt Alexander, Esq.,* for the petitioner.

*John D. Kiley, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: Early in the experience of the Board, in *Thomas Shoe Co.*, 1 B. T. A. 124, the fundamental proposition was announced that " to be deductible as a business expense, a contribution, charitable or otherwise, must have in a direct sense some reasonable relation to the business of the taxpayer." This test of the law has been uniformly applied throughout all succeeding cases and should be followed here in passing on the allowability of the contribution to Californians, Inc.

The evidence shows that Californians, Inc., was a nonprofit corporation pursuing the primary purpose of cooperatively advertising the advantages of California. It requires no demonstration other than the statement of the fact that the growth of a State or community is not an abstract thing. It is but the collective growth of the people and industries resident in the State. As the individuals and industries of the State expand, so the State grows. It is also easily demonstrable by experience that an individual activity is more likely to succeed if located in an aggressive and successful community. Thus it might with considerable weight be argued that petitioner would be fully justified as a business proposition in contributing to a cooperative advertising program such as that of Californians, Inc., even though it was unable to point to concrete monetary results. Here petitioner can go much further. The program here in question included direct presentation of petitioner's facilities by pictures and written articles urging travel to Hawaii. Californians, Inc., collected various valuable data and received many inquiries in response to its publicity in reference to ocean travel which were handed to petitioner. These inquiries resulted directly in increased business for petitioner. Petitioner's business was peculiarly adapted to provide effective travel advertising of the kind featured. Had petitioner

not been a contributor it would not have received the direct advertising, nor would it have been furnished with the travel inquiries and other data. We are convinced that petitioner's contribution was motivated primarily by business consideration; that it received definite tangible advantages therefrom; and that it was by every test a proper business expense. *Hirsch-Weis Manufacturing Co.*, 14 B. T. A. 796.

The second item in controversy is the payment made to American Factors, Ltd., as petitioner's share of attorney fees and court costs incurred in defending a suit in tort charging fraud and asking damages in the sum of $10,000,000 in connection with the purchase of certain German-owned sugar interests in Hawaii. The defense was entirely successful and defendants' judgment was affirmed by the Supreme Court of California. We believe the facts bring this item clearly within the scope of ordinary and necessary business expenses. See *Kornhauser* v. *United States*, 276 U. S. 145; *Richard Crocker, Jr.*, 12 B. T. A. 408; *E. L. Potter*, 20 B. T. A. 252; *H. M. Howard*, 22 B. T. A. 375.

*Judgment will be entered under Rule 50.*