CLARA HILL LINDLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54001. Promulgated July 28, 1932.

*E. C. Lindley, Esq.,* for the petitioner.

*Nathan Gammon, Esq.,* and *B. F. Weekley, Esq.,* for the respondent.

744

OPINION.

Leech: Section 23 (a) of the Revenue Act of 1928 permits the deduction in computing net income of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." Petitioner contends that the payments made by her to attorneys under the circumstances set out in our findings represent business expenses incurred in the administration of the estate of her mother, Mary T. Hill. It is her contention that she was engaged in the business of the administration of that estate, due to the refusal of the regular administrator to act in prosecuting an appeal from the judgment rendered against him by the District Court. The authorities cited in support of this contention are decisions holding expenses of the administrator in defending or prosecuting suits against or on behalf of the estate are business expenses deductible by him from gross income of the estate.

Here we have a different situation. The expense incurred under the facts set out in the findings, if paid by the administrator, would have been clearly deductible by him from income of the estate. However, this expense is not a payment by the estate incident to the carrying on of the business of administration, but one by petitioner as an heir at law of the decedent in protecting her interest as a beneficiary of the estate. We can not agree with petitioner's contention that in employing counsel and prosecuting the appeal she was merely carrying on the business of administration of the estate, and, even if such conclusion could be reached it would not sustain a personal deduction by petitioner in her individual capacity of expenses incurred for the estate.

As an alternative theory petitioner contends that the expenditures in question were ordinary and necessary expenses incurred by her in

carrying on her individual business. In support of this she has shown that she is a woman of means, manages her property and makes many sales and purchases of securities.

It may be that expenses incident to the personal activities of petitioner in handling her estate and producing income therefrom represent deductible business expenses, but as to the expense here in question we can not see any connection with such business. The inheritance of property is assuredly not an incident of her purported business. This expense was merely the cost to petitioner of securing her portion of such inheritance. In *George P. Douglas*, 1 B. T. A. 372, we said: " Legal expenses incurred in breaking a will by which a taxpayer comes into possession of his inheritance are not expenses incurred in carrying on a trade or business."

In *Caroline T. Kissel*, 15 B. T. A. 1270, cited as authority by petitioner, we had a question clearly distinguishable from that here presented. There, we allowed the deduction, by a woman engaged in business, of expenses incurred by her in litigation in respect to taxes claimed as due upon the income of such business. If petitioner in the present proceeding were engaged in business, the property in respect to which these expenses were incurred was not used therein, and the expense was not connected therewith and did not grow out of such business so as to bring the case within the rule laid down in *Kornhauser* v. *United States*, 276 U. S. 145.

In *Alice P. Bachofen von Echt*, 21 B. T. A. 702, we denied the deduction of legal expenses incurred by the taxpayer in recovering from the Alien Property Custodian her sequestrated property and a large amount of accumulated income thereon. See also *Helen A. P. Merriman*, 21 B. T. A. 67; affd., 55 Fed. (2d) 879; *Commissioner* v. *Field*, 42 Fed. (2d) 820; *Thomas Williams*, 21 B. T. A. 109.

*Judgment will be entered for the respondent.*