CHARLES F. MOSSER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55399.   Promulgated January 6, 1933.

*Fred A. Woodis, Esq.*, for the petitioner.
*C. C. Holmes, Esq.*, for the respondent.

514

OPINION.

Smith: The petitioner claims that the expenditure of $15,000 is deductible either as a loss or as an ordinary and necessary expense of carrying on business. Obviously, the amount is not deductible as a loss, but the record shows that the payment to Bogert had a direct relation to and was made to preserve the copartnership business; it was not made in payment for Bogert's interest in the copartnership. Bogert demanded the payment of $15,000 in addition to his capital investment before he would consent to the dissolution of the copartnership. The petitioner testified as to the activities of Bogert which were directly injuring the business of the firm and it was in order to be relieved of the possible consequences of Bogert's activities that the petitioner procured his withdrawal from the copartnership.

A payment in excess of a retiring partner's investment was allowed as a deductible expense in *A. King Aitkin*, 12 B. T. A. 692, where the retiring partner demanded a similar payment before he would consent to the dissolution of the firm. We there said:

The payment which these petitioners made to protect themselves against the future actions of Dippy was directly connected with and proximately resulted from their business. No capital asset was acquired. The situation is not unlike that presented to the Supreme Court in *Kornhauser* v. *United States*, 276 U. S. 145; 48 S. C. 219; 6 Am. Fed. Tax Rep. 7358, where expenses of defending an action for an accounting, instituted by a former partner, were allowed as a deduction from income as ordinary and necessary business expenses. We are of the opinion that the Commissioner erred in refusing to allow the deductions claimed.

That case is not distinguishable from the instant proceeding, and the $15,000 here involved should be allowed as an expense deduction, since it directly benefited this petitioner's business. See also *H. M. Howard*, 22 B. T. A. 375; *North American Investment Co.*, 24 B. T. A. 419; *A. Harris & Co.* v. *Lucas*, 48 Fed. (2d) 187. Cf. *Bert L. Davis*, 26 B. T. A. 218.

*Judgment will be entered for the petitioner.*