*1032 OPINION.
Smith:
The petitioner contends that it is entitled to deduct in the taxable year ended August 31,1928, as a business expense of that year, the amount of $50,000 representing a portion of the cost of the litigation to remove the receivership under which it had been placed by order of the United States District Court in 1925. The respondent opposes the deduction on the grounds that the cost of the litigation does not represent an ordinary and necessary expense of the corporation, but was either a personal expense to the stockholders or was a capital expenditure, and that in any event the amount claimed is not deductible as an ordinary and necessary business expense of the taxable year ended August 31, 1928.
It is generally recognized that attorneys’ fees and other expenses incident to litigation occurring in the regular course of business and directly connected with the business, except those incurred illegally or in relation to some unlawful act, are deductible as ordinary and necessary expenses of the year when paid or incurred. Kornhauser v. United States, 276 U. S. 145; Lucas v. Wofford, 49 Fed. (2d) 1027; Udolpho Wolfe Co., 15 B. T. A. 485; H. M. Howard, 22 B. T. A. 375; Matson Navigation Co., 25 B. T. A. 14; Samuel D. Leidesdorf, 26 B. T. A. 881.
The costs of the' receivership were paid by the petitioner after the taxable year 1928 and during the years 1929, 1930, 1931, and 1932. The petitioner contends, however, that since its books were kept on an accrual basis, it is entitled to deduct the amount claimed, $50,000, as an accrual of the year 1928. The facts do not support this contention, even if we assume that the petitioner’s ousted officers were authorized legally to bind it in the period during which the receivership held the petitioner’s assets and that the acts of Balph Notte-baum and the stockholders in employing attorneys and contracting other obligations on behalf of the petitioner were, for the purposes *1033 of the present question, the acts of the petitioner. The evidence does not show that the agreements with any of the attorneys were entered into during the taxable year ended August 31,1928, or that there was ever any understanding that any definite amounts were to be paid to them for their services in that year. The evidence, does not show, either, what part of the services of these persons was performed during the taxable year 1928 or what portion of the compensation was paid to them for services performed in that year.
It appears, too, that some of the attorneys’ fees were contingent and were to be paid only when the petitioner had recovered its assets. This is true of the $5,000 which was to be paid to Eobert Carey, Jr., under the agreement set forth above. Clearly, no liability for this contingent fee accrued either to the petitioner or to the individual officers until after the close of the taxable year 1928. We do not know whether the fees under the agreements with any of the other attorneys were contingent or not.
At the hearing of this proceeding, petitioner’s counsel stated as follows:
If your Honor asks me how we arrived at the $50,000 and asks me to say that I know the $50,000 can be absolutely applied to the year 1928, I say we cannot prove it; but, taking the entire picture as a whole, we say that we are entitled, by virtue of the evidence adduced here, to say that $50,000 of the $140,000 is properly applicable to the year in question. We have no other way of determining it; we have no way of saying when a certain piece of work was started and when it was concluded; wTe have no way of saying how much of Mr. Seymour’s work, for instance, was performed prior to August 31, 1928, or how much of my work or of Mr. Unger’s work, hut we do know that a certain portion had been done by that particular time and for that particular portion the legal obligation had been incurred at that same time * * *.
Upon the facts of record, we can not determine that any part of the expenses of the receivership is deductible by the petitioner in the taxable year ended August 31, 1928.

Judgment will be entered for the resfondent.