FOYE LUMBER & TIE COMPANY, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 67607.   Promulgated October 24, 1935.

*Robert B. Hamer, Esq.*, for the petitioner.
*E. L. Corbin, Esq.*, for the respondent.

OPINION.

BLACK: In support of its assignment of error, petitioner relies upon *Harris & Co.* v. *Lucas*, 48 Fed. (2d) 187, which it contends was not overruled by the Supreme Court's decision in *Welch* v. *Helvering*, 290 U. S. 111. The Commissioner in support of his disallowance of the claimed deduction relies entirely upon the decision of the Supreme Court in *Welch* v. *Helvering, supra.*

The applicable statute is section 23(a), Revenue Act of 1928, which provides:

In computing net income there shall be allowed as deductions:

(a) *Expenses.*—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *.

There can be no doubt, we think, from the facts which have been stipulated, that the $2,000 payment which the petitioner made in the taxable year to the Omaha National Bank was a necessary expense. It seems quite clear that petitioner could not have procured the particular loan which it sought without the making of this $2,000 payment and it also seems clear that this loan was absolutely necessary to the carrying on of its business. Thus the " necessary " provision of the statute is fulfilled. And if the court's decision in *Harris & Co.* v. *Lucas, supra,* upon which petitioner relies, laid down the correct rule, then it seems unquestionable that the petitioner would be entitled to the deduction which it claims, for the court in that case said:

It is evident that the words " ordinary " and " necessary " in the statute are not used conjunctively, and are not to be construed as requiring that an expense of a business to be deductible must be both ordinary and necessary in a narrow, technical sense. On the contrary, it is clear that Congress intended the statute to be broadly construed to facilitate business generally, so that any necessary expense, not actually a capital investment, incurred in good faith in a particular business, is to be considered an ordinary expense of that business. This in effect is the construction given the statute by the Treasury Department by the courts.

Thus it will be seen that the substance of the Circuit Court's opinion in the *Harris & Co.* case was that " any necessary expense, not actually a capital investment, incurred in good faith in a particular business, is to be considered an ordinary expense of that business."

The Supreme Court in *Welch* v. *Helvering, supra,* in construing an identical provision of the 1926 Act, gave a contrary construction to the statute from that which the Circuit Court had given it in the *Harris & Co.* case, for the Supreme Court decided that a business expense, to be deductible under this provision of the statute, must not only be a necessary but also must be an ordinary expense. On that point it said:

We may assume that the payments to creditors of the Welch Company were necessary for the development of the petitioner's business, at least in the sense that they were appropriate and helpful. *McCulloch* v. *Maryland,* 4 Wheat. 316, 4 L. Ed. 579. He certainly thought they were, and we should be slow to override his judgment. But the problem is not solved when the payments are characterized as necessary. Many necessary payments are charges upon capital. There is need to determine whether they are both necessary and ordinary.

And then the Court went on to hold that payments made by a grain commission agent (secretary of a bankrupt corporation engaged in

grain business) to the corporation's creditors for the purpose of strengthening his individual standing and credit and reestablishing business relations with the corporation's former customers, were not deductible from his income as "ordinary and necessary expenses."

While there are some differences in the nature of the facts and circumstances surrounding the $2,000 payment which petitioner made in the instant case to the bank from those in connection with the payments which Welch as an individual made to creditors of the defunct E. L. Welch Co. in the *Welch* v. *Helvering* case, nevertheless we do not think these differences would justify our attempting to draw a distinction and reach a contrary conclusion from that which was reached in the *Welch* case. We think that under the doctrine laid down by the Supreme Court we must affirm the Commissioner in his disallowance of the claimed deduction.

Petitioner further claims that the $2,000 payment which it made to the bank should be treated as a commission paid to secure the loan of $5,000 and therefore should be allowed as a deduction on that ground. No citation of authorities is necessary to support the right of a business to deduct commissions properly paid in the borrowing of money in the regular course of its business. But, as we construe the facts which have been stipulated, the case we have here is not one of that kind.

The W. J. Foye Lumber Co. was a Nebraska corporation which in 1923 became insolvent and was liquidated and the liquidation paid 50 percent of the claims of creditors. One of these creditors was the Omaha National Bank and after liquidation was completed it still held an unsatisfied claim against the liquidated corporation amounting to approximately $30,000. The Foye Lumber & Tie Co. (petitioner here) was organized in 1925. It needed credit to operate its business and sought to obtain a line of credit from the bank. The bank refused unless the petitioner agreed to pay the bank, if and when its profits would justify it, in addition to interest and principal on the new loans, cash payments to amount to approximately 10 percent of the peak loan accommodations made in any one year, such payments to be made because of the losses which the bank had sustained upon the liquidation of the W. J. Foye Lumber Co. Loans were made by the bank to petitioner under this agreement in the years 1925, 1926, 1927, 1928, 1929, and 1930, but petitioner made no payments to the bank on account of the bank's losses on the liquidated corporation.

On March 3, 1930, petitioner applied to the bank for a loan of $3,000, but the bank refused unless petitioner would pay $4,000 under its agreement, which the bank claimed was in default. Petitioner notified the bank that it would be impossible to make such a payment and finally the bank agreed to loan petitioner $5,000

provided it would make the bank a payment of $2,000, and it has been stipulated " that said $2,000 was the first and only payment made by petitioner to said bank, pursuant to said arrangement." Under these circumstances we do not think it can be held that this $2,000 payment was a commission relating only to the $5,000 loan which was made, but that it was a payment made which related not only to the $5,000 loan which was made March 3, 1930, but to the loans which the bank had made to petitioner in prior years and for the making of which petitioner was under certain obligations to the bank, which we have already set out.

While, as we have stated, the $2,000 payment was necessary, we do not think that under the circumstances stated, it was " ordinary " within the meaning of the applicable statute.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

Smith, dissenting: In support of its conclusion that the petitioner is not entitled to deduct from gross income of the fiscal year ended July 31, 1930, the $2,000 bonus paid in obtaining a loan of $3,000, the Board relies upon *Welch* v. *Helvering*, 290 U. S. 111. I do not think that case stands for the proposition for which it is cited. In that case Welch made payments upon debts of a corporation which had failed and of which he had been the secretary. He made these payments " in order to reestablish his relations with customers whom he had known when acting for the Welch Company and to solidify his credit and standing." Welch made them of his own volition. The evidence does not show that they were made in the earning of net income. The Supreme Court in the above cited case observed:

\* \* \* Now, what is ordinary, though there must always be a strain of constancy within it, is none the less a variable affected by time and place and circumstance. Ordinary in this context does not mean that the payments must be habitual or normal in the sense that the same taxpayer will have to make them often. A lawsuit affecting the safety of a business may happen once in a lifetime. The counsel fees may be so heavy that repetition is unlikely. None the less, the expense is an ordinary one because we know from experience that payments for such a purpose, whether the amount is large or small, are the common and accepted means of defense against attack. \* \* \*

I am of the opinion that the payment of $2,000 made by the petitioner during the fiscal year ended July 31, 1930, does not fall in the same category as the payments made by Welch. As shown by the stipulated facts, the petitioner was in a tight place. It had to secure a loan of $3,000 in order to continue in business. If the bank had charged it interest of $2,000 for the loan, can it be doubted that

the payment of the $2,000 would be a deductible expense? Cf. *Jones Syndicate* v. *Commissioner*, 23 Fed. (2d) 833.

I do not think that it can be doubted that under the opinion of the Board the petitioner is required to pay income tax upon an amount of net income greater by $2,000 than the petitioner received from the conduct of his business. I can not believe that it was the intention of Congress that the term " ordinary and necessary " expenses should be so narrowly construed as to deny to a taxpayer the deduction of an amount which a taxpayer has paid to secure a loan to carry on his business. Cf. *Kornhauser* v. *United States*, 276 U. S. 145.

TRAMMELL and ARUNDELL agree with this dissent.