A. GIURLANI & BRO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91797.    Promulgated February 16, 1940.

---

*Martin J. Dinkelspiel, Esq.,* and *Frank T. Andrews, C. P. A.,* for the petitioner.

*T. M. Mather, Esq.,* for the respondent.

406

OPINION.

DISNEY: The only question presented is whether $32,962.50 paid in 1935 by petitioner to creditors of the Italian corporation to save it from bankruptcy was deductible as an ordinary and necessary business expense or, in the alternative, as a loss sustained in trade or business.

Petitioners contend that the money was paid to protect the source of its supply of a distinctive and uniform olive oil, and that the payment averted the pending bankruptcy of the Italian corporation, the source of supply. In fact the evidence is sparse in regard to the object of the payment, or the effect. The petitioner alleges that petitioner's representative was dispatched to Italy to investigate and obviate the impending loss of its vital olive oil business. This is by the answer denied. The only evidence adduced as to purpose of the payment was that the company in San Francisco received notice of the impending auction sale of the source of olive oil and was told "You have to take care of your future interest", that the secretary of petitioner told the Giurlani brothers, the president and vice president of the corporation, that "our business was going to finish soon if we were unable to serve the brand of our oil and—The oil, the quality of the oil that we had"; that the "president and vice president knew, and admitted that closing the source of the supply of Star Brand olive oil, we would at once be reduced to an inconsequential corporation", and that as a result of this discussion or meeting he was sent to Italy with "full power to do everything on account to save our company." Nothing further appears, and we are not informed as to the effect of the payment, except that at a later date petitioner bought Star Brand olive oil from Gaetano Giurlani, S. A. Since no issue is made in this regard and no evidence

adduced to contradict the little produced by petitioner, we shall assume that the purpose was to protect the source of supply of olive oil. Was the expenditure either ordinary and necessary expense, or loss, of business? As stated very recently in *Deputy* v. *du Pont*, 308 U. S. 488, upon the same question here presented, "Review of the many decided cases is of little aid since each turns on its special facts." Petitioner stresses as controlling *First National Bank of Skowhegan, Maine*, 35 B. T. A. 876, and several other cases from the Board; also *Seufert Bros. Co.* v. *Lucas*, 44 Fed. (2d) 528; and cites *Welch* v. *Helvering*, 290 U. S. 111; and respondent puts equal, but contrary, emphasis upon *Welch* v. *Helvering, supra*, as controlling, pointing also to *Amtorg Trading Corporation* v. *Commissioner*, 65 Fed. (2d) 583; *Commissioner* v. *Field*, 42 Fed. (2d) 820; and *Foye Lumber & Tie Co.*, 33 B. T. A. 271.

The fact of an implication of the ordinary, in assistance rendered by banks to others, particularly in connection with the strain of the depression, is a major ground of decision in the *First National Bank of Skowhegan, Maine, supra*, case. Such implication can not be found here. We think that case can not prevail under the facts herein involved against what is said in *Welch* v. *Helvering, supra*, and in particular the latest expression in *Deputy* v. *du Pont, supra*, covering this subject, and more parallel and applicable to the situation here.

Certainly we must say, of the expense here involved, as was said in the *du Pont* case, *supra*, "We can not assume that they are embraced within the normal overhead or operating costs of such activities." Though sale of Star Brand olive oil was a very important element of petitioner's business, we think that the protection of a source of supply by discharge of the liabilities in bankruptcy of the foreign corporation which sold to petitioner is distinctly out of the ordinary. A customer does not by normal standards pay the debts of a bankrupt manufacturer merely because of such relation as customer. It is patent that petitioner, in fact, relies upon no ordinary fact—the fact that only a certain distinctive unusual blend of olive oil would satisfy its trade— not even a brand like it made in the same city in Italy, but not exactly like it. Ordinarily, certainly, such a slight difference in a manufacturer's product does not impel a distributee to pay the debts of the manufacturer when it becomes bankrupt. We conclude and hold that the expenditure of $32,962.50 by petitioner was not an ordinary expense of business under section 23 (a) of the Revenue Act of 1934. We also hold that it was not a loss under section 23 (f) of the same act. We think the expenditure has not the attributes of loss.

*Decision will be entered for the respondent.*