## VERNOR v. UNITED STATES.
### No. 43690.

Court of Claims.
May 31, 1938.

W. Parker Jones, of Washington, D. C., for plaintiff.

Guy Patten, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson, Fred K. Dyar, and Elizabeth B. Davis, all of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The facts in this case have been stipulated. It appears from the agreed facts that the plaintiff made no claim for deduction of attorneys' fees in his income tax return for the year, 1932, but in March, 1935, he filed a claim for refund claiming this deduction. The Commissioner refused the deduction and rejected the claim.

The sole question is whether plaintiff is entitled to have this deduction under Section 23(a) of the Revenue Act of 1932, 26 U.S.C.A. § 23(a), which provides:

"In computing net income there shall be allowed as deductions:

"(a) *Expenses.* All the ordinary necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered * * *."

The plaintiff maintained an office in Detroit, Michigan, and "among other interests owned and leased several properties in the City of Detroit and elsewhere." There is nothing in this vague statement to show what is plaintiff's real business or trade. We are left to an assumption that he was in the real estate business. However, the deduction claimed does not arise in reference to any of the properties sup-

posedly included in this general statement. It appears that in October, 1928, plaintiff with others entered into a syndicate agreement to purchase a tract of land in Detroit as an investment for resale. A trust company acted as trustee for the syndicate. In 1931, a default having been made in the purchase payment, the mortgagee instituted foreclosure proceedings against the Trust Company. A cross bill was filed by the trustee alleging that the members of the syndicate were jointly and severally liable. The plaintiff engaged counsel to defend his contention that the members were severally liable in proportion to their interests in the syndicate. The other members contended plaintiff alone was liable since the plaintiff was the only member who had not defaulted on the payment of the purchase price. The lower court sustained plaintiff's contention and on appeal the State Supreme Court affirmed the decision.

Plaintiff paid his attorney for services rendered in this suit the sum of $2,003.10 and entered this payment on his books as a business expense for the year 1932, the year in which it was paid.

 It will be seen from the facts recited that the purchase of this property was a speculative venture and not connected with plaintiff's regular business or trade insofar as disclosed by the record. The payment of legal fees was to protect plaintiff from having to bear the whole burden of this venture. The decision of the court simply limited plaintiff's liability. It was an expenditure to protect capital assets. The Board of Tax Appeals has repeatedly held that "fees paid for legal services, where the acquisition of capital assets or the litigation of matters pertaining to assets of a purely capital nature were involved, were capital expenditures and therefore not deductible as ordinary and necessary expenses." Livingood, Ex'r, v. Com'r, 25 B.T.A. 585; Appeal of First National Bank of St. Louis, 3 B.T.A. 807; Stephens Fuel Co. v. Com'r, 13 B.T.A. 666; Chestnut Farms Dairy, Inc., v. Com'r, 19 B.T.A. 192. See, also, Hutchings v. Burnet, 61 App.D.C. 109, 58 F.2d 514.

In Crowley v. Commissioner, 6 Cir., 89 F.2d 715, the rule is stated (page 718):

"Both the statute (section 214(a) of the Revenue Act of 1926, and section 23, of the Revenue Act of 1928, supra), and Treasury Regulations 69, art. 101, and 74, art. 121, in effect limit deductible expenses to the current operating expenses incurred in producing income. Simmons Co. v. Commissioner, 33 F.2d 75 (C.C.A. 1); Williams v. Burnet, Commissioner, 61 App.D.C. 181, 59 F.2d 357, 358. The decisions make a clear distinction between cases where amounts are paid out as a result of litigation or as a means of settling a dispute arising from an ordinary business transaction (Cf. Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505), and where the payments are made in order to acquire property or gain control of a business. Newark Milk & Cream Co. v. Commissioner, 34 F.2d 854 (C.C.A.3). Expenditures made for the latter purpose are not deductible as ordinary and necessary business expenses. Home Trust Co. v. Commissioner, 65 F. 2d 532 (C.C.A. 8); Newark Milk & Cream Co. v. Commissioner, supra; Lindley v. Commissioner, 63 F.2d 807 (C.C.A. 2)."

The payment of legal fees by plaintiff was for the purpose of determining the extent of his liability under the syndicate agreement and to protect his interest in the property. The syndicate interest was a venture outside of his regular business or trade and the expense incurred was not an ordinary and necessary business expense but a capital expenditure. The decision of the Commissioner in refusing the deduction was correct. The petition is dismissed. It is so ordered.