ESTATE OF IDA B. STONE, DECEASED, CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO AND LILLIAN FALKER, ADMINISTRATORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91163. Promulgated October 25, 1939.

*Edward Blackman, Esq.*, for the petitioners.
*Gerald W. Brooks, Esq.*, for the respondent.

OPINION.

SMITH. The question for our determination is whether the attorney fees which the decedent paid out in 1934 in defense of the tax claim asserted by the tax authorities of Pike County, Illinois, are deductible from her gross income as an ordinary and necessary business expense.

The taxing statute authorizes the deduction from gross income in computing net income of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Sec. 23 (a), Revenue Act of 1934.

The respondent has disallowed the deduction of the attorney fees in question on the ground that they were paid in defense of an action against the decedent as a distributee of her brother's estate; that the cost of defending the tax claim "in no way depended upon whether or not you were operating a business, but involved a ques-

tion concerning your right to receive the assets of the estate" of the deceased brother. In his deficiency notice the respondent refers to article 24-2 of Regulations 86, which states that the cost of defending or protecting title constitutes a part of the cost of the property and is not a deductible expense.

In support of their contention that the amount paid for attorney fees is a legal deduction from gross income, the petitioners argue that the decedent was during the taxable year engaged in a trade or business and that that business consisted of the active management of the decedent's various properties. We have found as a fact that she was engaged in such trade or business. But we are of the opinion that this finding is immaterial to the issue presented.

The question here is whether the attorney fees paid by the petitioners' decedent in 1934 were paid "in carrying on any trade or business." The deduction can be allowed only if it falls fairly within the provisions of the statute. *Lindley* v. *Commissioner* (C. C. A. 2d Cir.), 2 Fed. Supp. 807.

In his deficiency notice the respondent has stated that the reason for the disallowance of the deduction of the attorney fees is that their payment "in no way depended upon whether or not you were operating a business." We think that this fact is evident. The tax authorities of Pike County, Illinois, claimed that for a long period of years the decedent's brother, from whom Ida B. Stone inherited a large amount of property, owed back personal property taxes and that his estate was liable therefor. The claim was made against petitioners' decedent because she as residuary legatee had received the assets of the estate of her brother. The claim would have been made against her regardless of whether she was carrying on a trade or business. She was, of course, under the necessity of protecting her property. We think it is a far stretch of the language of the statute to say that the attorney fees paid in 1934 by the petitioners' decedent in resisting the tax claim constituted "ordinary and necessary expenses * * * in carrying on any trade or business."

In *Hutchings* v. *Burnet* (App. D. C.), 58 Fed. (2d) 514, the facts were that the taxpayer inherited valuable ore lands with leases thereon. Afterwards a suit was brought against the taxpayer and other heirs by one Gamble, who claimed to be the owner of a one-fourth interest in the testator's estate. This suit was successfully defended and in 1925 the taxpayer paid $19,089.82 as attorney fees incurred in the case. Deduction therefor was disallowed by the Commissioner, whose action was sustained by the Board. In affirming the Board's decision the court said:

It is clear that the transactions which caused appellant to pay the several attorneys' fees in question were not part of any trade or business carried on by her, but were separate transactions affecting only her personal interests

and estate. The ore lands in which appellant acquired an interest were under royalty leases when her interest accrued, and she had no part in operating the property. She simply received her share of the royalties as and when they became payable. Moreover, the attorneys' fees in question were not paid for services rendered in connection with the operation of the ore lands or other property of appellant, but in cases requiring only a defense of her title to such property. The cost of defending her title to property under such circumstances does not constitute a deductible expense under the statute. *Commissioner of Internal Revenue* v. *Field* (C. C. A.) 42 F. (2d) 820.

In *Brawner* v. *Burnet* (App. D. C.), 63 Fed. (2d) 129, the question presented was whether payments in settlement of a suit by the deceased partner's wife asserting claim to partnership assets and for attorney fees in connection therewith were deductible from gross income as expenses paid or incurred in carrying on a trade or business. The expenditures involved were made by the surviving partner in the compromise of the case, which did not relate to ordinary management or control of the business in which the taxpayer was then engaged, which was the buying and selling of milk, but related solely to the taxpayer's title to the assets of the business, the purpose for payment to the widow of the deceased partner being to secure to taxpayer the proprietary interest in the business. The attorney fees were held not deductible from gross income.

In *White* v. *Commissioner* (C. C. A., 9th Cir.), 61 Fed. (2d) 726, the question presented was whether moneys paid by a partnership in settlement of claims against one partner while a member of a previous partnership are deductible from gross income. The court pointed out that, while deductions from income for ordinary and necessary expenses should be broadly construed to facilitate business generally, deductible business expenses must bear some reasonable relation to such business. To the same effect are *Lindley* v. *Commissioner*, *supra*; *Stuart* v. *Commissioner* (C. C. A., 1st Cir.), 84 Fed. (2d) 368; *Dorr* v. *United States* (U. S. Dist. Ct., Mass.), 18 Fed. Supp. 92; *R. E. Nail et al., Executors*, 27 B. T. A. 33.

In support of their contentions that the attorney fees paid by the petitioners' decedent are deductible from gross income, the petitioners cite *Kornhauser* v. *United States*, 276 U. S. 145. The issue there was whether a law partner was entitled to deduct from gross income legal expenses paid by him in defending a suit brought against him by a prior partner. The court held that they were legal deductions from gross income because they were "directly connected with, or * * * proximately resulted from" the taxpayer's business. In the instant proceeding we can not find that the attorney fees paid were directly connected with or proximately resulted from the carrying on of a trade or business by the petitioners' decedent. They were not, as in that case, paid for the protection or recovery of income.

See *Kales* v. *Commissioner* (C. C. A., 6th Cir.), 101 Fed. (2d) 35.

The petitioners also cite *L. B. Reakirt*, 29 B. T. A. 1296; affirmed, *per curiam* (C. C. A., 6th Cir.), 84 Fed. (2d) 996. The taxpayer in that case was found to be engaged in the real estate and investment business. In connection with that business he paid attorney fees in resisting an illegal attempt by a city to condemn and acquire certain of his property. We held that the attorney fees paid were legal deductions from gross income, since they were paid as an incident to his business. That case is distinguishable from the proceeding at bar upon its facts.

In *Commissioner* v. *Chicago Dock & Canal Co.* (C. C. A., 7th Cir.), 84 Fed. (2d) 288, the taxpayer contested a benefit assessment growing out of street widening and expended $9,000 for attorney fees and $600 for witness fees. The court said:

\* \* \* The attorneys' and witness fees were not paid for the purpose of defending the title to the real estate, but were paid solely to test the validity of an assessment made by the city involuntarily, in so far as the company is concerned. \* \* \* The Board correctly decided that these expenditures were an ordinary and necessary business expense \* \* \*

There was no question in that proceeding but that the attorney and witness fees were directly connected with the business carried on by the taxpayer.

The petitioners argue that if these attorney fees had been paid by Ida B. Stone's brother during his lifetime or by his estate during the process of administration they would be legal deductions from gross income. They then argue that if so deductible they are likewise deductible by the petitioners' decedent when paid by her in 1934. Assuming that they would be deductible if paid by the decedent's brother during his lifetime, or by his estate during the process of administration, we do not think it follows that they are likewise deductible as a business expense by the petitioners' decedent. The facts simply are that the petitioners' decedent as residuary legatee of her deceased brother's estate received property of a value of approximately $1,900,-000 upon the distribution of the estate. The petitioners' decedent paid the attorney fees to protect her right to hold those assets freed from the claim of the tax authorities of Pike County. This, we think, was a personal expense which was in no wise connected with the carrying on of a trade or business by the petitioners' decedent.

Reviewed by the Board.

*Decision will be entered for the respondent.*