**WARD v. UNITED STATES.**

Nos. 7355, 7356.

District Court, D. Massachusetts.

April 30, 1940.

Edmund Burke and Daniel L. Brown (both of Hale & Dorr), both of Boston, Mass., for plaintiff.

C. Keefe Hurley, Asst. U. S. Atty., of Boston, Mass. (Edmund J. Brandon, U. S. Atty., of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe, Fred J. Neuland, and Edward First, Sp. Assts. to Atty. Gen., on the brief), for defendant.

SWEENEY, District Judge.

These two actions were brought to recover income taxes alleged to have been erroneously assessed and collected. They cover two taxable years (1931 and 1932), but are otherwise identical, and will be treated as one in this opinion.

A stipulation of facts has been filed by the parties, and is adopted as my findings of fact under Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Additional oral testimony was introduced from which additional facts are found as will appear later herein. Counsel orally agreed that the claim with regard to the deduction of a loss occasioned by the closing of the Arlington Trust Company need not be considered by the court as it has been otherwise determined.

Briefly, the facts are that on March 20, 1920, the petitioner Ward entered into a contract with Van Heusen wherein he agreed to advance, in addition to $5,000 already advanced in the development of the articles later patented, "one-half of all the expenses which may be incurred * * in the promotion and exploitation" of certain patents, the last of which was issued in 1921 and expired on July 5, 1938. In return, he was to receive twenty-five per cent. of the net profits from the promotion and exploitation of the patents. Another similar contract was executed on May 26, 1922, when Van Heusen assigned the patents to a new corporation. Ward never held title to the patents or any portion of them, and does not now make claim that he had any direct interest in the patents.

Up to 1924, he received dividends under this agreement in excess of $275,000, and made reimbursements to the company in the approximate amount of $50,000 for costs of litigation which had developed concerning the patents. After the year 1924, he received no dividends or payments

from the Van Heusen Company, because his share of the expense of litigation that had developed between Van Heusen and Bolton and Howe was in excess of the twenty-five per cent. of net profits due him. On June 13, 1926, Ward authorized Van Heusen to settle the pending litigation, and agreed that all of the royalties that had accrued since 1924 might be applied towards Ward's liability under his contracts. He further agreed that all future dividends due him might be withheld until his total indebtedness, brought about by the settlements of the litigation, was paid. Thereafter, as dividends became due Ward, they were credited on the company's books to his indebtedness under his contracts.

In filing his tax returns from 1925 to the year 1932, Ward did not report the constructive receipt of dividends. Neither did he claim any deduction for a loss by reason of his liability during those years under his contract. He simply refrained from reporting the income from the royalties or his expense under his contracts with the company.

When his 1931 and 1932 returns were audited in 1934, the revenue agent adopted the theory that the dividends had been constructively received by the taxpayer, and that his share of litigation expenses had been constructively paid to the corporation. Gross dividends due Ward during 1931 were in the amount of $25,351.21. The ordinary expenses were in the amount of $4,172.10. The company made a further deduction of $5,142.62 for "Sundry Costs of Patents" incurred during that year. In auditing the return the revenue agent did not allow the full deduction of this patent expense charged to Ward, but amortized it during the remaining life of the patent, which was approximately fifty-seven months, and allowed a deduction of only $541.33 for this period. The taxpayer does not quarrel with the Government's theory of constructive receipts and expenditures during the years involved, but, in effect, says if the patent expense incurred during 1931 is to be amortized over the remaining life of the patent that all expenses incurred by Ward in the exploitation of the patents and in their defense should similarly be amortized. The difficulty with the taxpayer's contention that all of his expense should be amortized over the life of the

patent is that he failed to report the constructive receipt of dividends during the life of the patent. He, in effect, took credit for the expenses incurred during those years by offsetting that expense against his right to dividends or royalties which resulted, of course, in reducing his tax liability. To adopt the theory now of amortizing these costs would, in effect, give the taxpayer another deduction for the same loss or expense. However, it is unnecessary to turn the decision in this case on this point.

## Conclusions of Law

Any right to a deduction, such as is claimed here, arises out of the Revenue Act of 1928, c. 852, 45 Stat. 791, and the Revenue Act of 1932, c. 209, 47 Stat. 169, 26 U.S.C.A. Int.Rev.Acts, pp. 345 et seq., 475 et seq. Section 23 reads as follows:

"Sec. [§] 23. Deductions from Gross Income

"In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

"(k) Depreciation. A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." 26 U.S.C.A. Int.Rev.Acts, pp. 358, 491.

■ This section, whether it applies to tangibles or intangibles, clearly refers to capital investment. The taxpayer's expenditures which are involved here seem to be partly capital expenditures and partly ordinary business expense.

■ The action of the agent in amortizing the item of $5,142.62 seems entirely proper. It was in the nature of a further investment in the capital structure of the company, and it was properly prorated during the remaining life of the patents. The only criticism that could be made of the agent's action is that he did not apply the same theory to similar expenditures that had been made during the previous years. All of these expenditures from 1921 through 1931 (which was the last year in which such an item was charged to Ward by the company) appear in the ninth column of the auditor's report attached to the stipulation of facts under the heading

"Sundry Costs of Patents". These costs are as follows:

| 1921 | $3,764.53 |
|------|-----------|
| 1922 | 5,957.41 |
| 1922 | 25.55 |
| 1923 | None |
| 1924 | 394.02 |
| 1925 | 68.27 |
| 1926 | 145.17 |
| 1927 | 65.00 |
| 1928 | 87.50 |
| 1929 | 66.20 |
| 1930 | 40.00 |
| 1931 | 5,142.62 |

Each of these yearly costs should be amortized over the remaining years of the patent in the same manner as the item for 1931 of $5,142.62 was treated by the revenue agent.

In addition to all of the amounts shown as "Sundry Costs of Patents" in the auditor's report, there is a further item of $5,000 which had been expended by this taxpayer during the early stages of the development of the articles which were later patented. These were capital expenditures, and are properly amortizable over the life of the patents. See Barnes et al. v. Commissioner, 8 B.T.A. 360, and Appeal of Julia A. Bruce et al., 5 B.T.A. 300.

█ While these recoverable items are not specified in the claim for refund they are included within the general terms of the claim which called for a right to prorate not only these expenses which have been disposed of, but the additional expenses incident to litigation. I deem them to be sufficiently within the claim for refund to entitle the plaintiff to recover here.

█ The balance of the plaintiff's claim, both in his claim for refund and the case before me arises out of the expense of litigation between the corporation and Bolton and Howe, and the subsequent settlement of those actions by the payment of a large sum of money by the corporation. This was not a capital investment, but was an ordinary business expense. See Bliss v. Commissioner, 5 Cir., 57 F.2d 984, and Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505. It was therefore not a proper subject for amortization or for a deduction for a loss in any year, excepting in the year when the money was paid.

The petitioner's motion for judgment is allowed to the extent of the computation that will be made by the parties in accordance with the above. In the event that the parties cannot agree as to the exact amount of the judgment to be entered in favor of the plaintiff, upon application to this court, a computation will be made by it.