ETHEL SPERLING, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 37609. Promulgated September 17, 1953.

*Anthony N. Zock, Esq.*, for the petitioner.
*Arthur L. Nims, Esq.*, for the respondent.

1016

OPINION.

HILL, *Judge:* The petitioner contends that she is entitled to deduct the sum of $5,200 paid by her to Samuel A. Bonder to induce his withdrawal from the partnership as an ordinary and necessary business expense under the provisions of section 23 (a) (1) (A) of the Code and cites the authority contained in *A. King Aitkin et al.*, 12 B. T. A. 692, and *Charles F. Mosser*, 27 B. T. A. 513, in support of her position.

The facts in the two cases on which the petitioner relies differ materially from those presented before us. In the *Aitkin* and *Mosser* cases, the remaining partners acquired no increased interests in their respective partnerships by virtue of their payments to the retiring partners. In the *Aitkin* case, the partnership was dissolved by the withdrawal agreement and the retiring partner took his clients pursuant to an agreement by the remaining partners not to solicit his clients for 1 year. In the *Mosser* case, the retiring partner received compensation for his withdrawal and in a separate transaction his partnership interest was purchased by others not previously partners.

The opinions in both the *Aitkin* and *Mosser* cases were premised upon the fact that the remaining partners acquired no assets, tangible or intangible, by the payments made to the retiring partners in excess of their capital accounts and further upon the fact that the benefit of the payments made did not extend beyond the year in which the payments were made.

Here the facts are different. The partnership agreement under which the parties had operated provided in paragraph 9 as follows:

9. Any partner may withdraw from said partnership at or after the expiration of one year from the commencement thereof, upon giving six months written notice of his intention to so withdraw addressed to the partnership and delivered to their place of business in New York. Such withdrawal shall not effect a dissolution of the partnership which shall be continued by the survivors. The interest of the withdrawing partner shall be determined as of the date of retirement and no allowance shall be made to him in respect of the firm name or of the good will of the business. The retiring partners interest shall be liquidated 25% within three (3) months after the date of retirement and the balance in three (3) equal yearly payments.

Any one of the partners could have withdrawn from the business, taking his capital with him. The remaining partners, it is interesting to note, are given the right under the paragraph set out above to continue the business, a valuable right.

Bonder did not withdraw under the provisions set out above. On the contrary, he was bought out. Bonder had no desire to withdraw from the business. Harry Sperling was the moving force in this direction. He had threatened to force a dissolution of the partnership, not Bon-

der, who evidently felt his interest in the partnership to be worth more than his capital account indicated.

We are convinced that the transaction under consideration was no more than the sale of Bonder's partnership interest to the remaining partners in the business, including the petitioner. It is well established that a partnership interest is a capital asset and that the sale of such an asset results in a capital transaction for tax purposes. *Allan S. Lehman*, 7 T. C. 1088, affd. 165 F. 2d 383, certiorari denied 334 U. S. 819.

Much of the argument and evidence of the petitioner has been directed towards establishing that there existed no good will in the firm name or value in the firm as a going concern. However, we are not convinced that such was the case. Any one of the partners had the right under the partnership agreement to withdraw upon the giving of 6 months' notice. None of them chose to do so. Certainly Bonder did not, for had he done so he would have been entitled to no more than his capital account computed without allowance for such intangibles as the value of the firm name or the value of the good will of the business. In addition, if he had withdrawn, under the partnership agreement the remaining partners had the right to continue the business under the firm name with the benefit of any good will attaching thereto. That this right had value is borne out by the fact that the petitioner and the other two remaining partners paid a premium of $6,500 to secure Bonder's interest in the partnership.

Bonder sold his interest in the partnership to the remaining partners for the price of $22,500 and, as he testified, made the best possible bargain that he could make in disposing of his interest in the partnership. Therefore, we hold that the entire sum of $22,500 paid to Bonder for his partnership interest, including the $6,500 in excess of his capital account and the petitioner's share of that amount, to be a capital expenditure.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

BLACK, *J.*, dissenting: I respectfully dissent from the majority opinion.

Paragraph 1 of the agreement which was entered into by the parties on May 23, 1945, explains that the $22,500 was paid to Bonder for his retirement from the partnership. Paragraph 1 of the agreement reads as follows:

1. The Party of the First Part agrees to retire from the partnership withdrawing his capital in the business which has been ascertained and computed to be $16,000.00 and which amount all parties hereto warrant and agree is the

correct capital balance as of May 23, 1945. The partnership shall nevertheless continue in existence until June 30, 1945. The Parties of the Second Part agree to pay to the Party of the First Part the sum of $6,500.00 to induce the Party of the First Part to retire from the said partnership. This additional compensation is to be paid as follows: $5,200.00 by ETHEL SPERLING, $650.00 by PHILIP KRIEGER and $650.00 by RUBIN LUBARSKY out of the personal funds of each.

Of course, the $16,000 which was paid to Bonder under the foregoing provisions of the agreement was not deductible. It was clearly a payment for capital assets and must necessarily be capitalized. Petitioner does not contend otherwise. But the $6,500 payment which was made to Bonder, it seems to me, falls into a different category. The agreement states: "The Parties of the Second Part agree to pay to the Party of the First Part the sum of $6,500.00 to induce the Party of the First Part to retire from the said partnership." Under the doctrine of A. King Aitkin et al., 12 B. T. A. 692, this $6,500 payment was not a capital expenditure but was deductible as a business expense. The Aitkin case contains the following finding of fact:

Dippy's capital investment at the time of organization of Dippy and Aitkin was $200. Dippy had $1,515.97 to his credit on the books of the partnership on September 1, 1920. One-third of the undivided profits of the partnership from January 1, 1920, to September 1, 1920, amounted to $14,154.56. These three amounts were paid to Dippy. In addition to them, he was paid $5,000 by Aitkin and Kynett. This additional payment was not made for any assets, tangible or intangible, but was the amount demanded by Dippy before he would consent to an immediate dissolution of the partnership and was paid by the petitioners to protect themselves against the injury which they anticipated would result from a continuance of the partnership.

Upon these facts, the Board held that the $5,000 which was paid Dippy to get him out of the firm and which was not paid him as a part of the price for his capital interest in the partnership was deductible as a business expense by the two partners who paid it, namely, Aitkin and Kynett. In so holding, we said:

The payment which these petitioners made to protect themselves against the future actions of Dippy was directly connected with and proximately resulted from their business. No capital asset was acquired. The situation is not unlike that presented to the Supreme Court in Kornhauser v. United States, 276 U. S. 145; 48 S. C. 219; 6 Am. Fed. Tax. Rep. 7358, where expenses of defending an action for an accounting, instituted by a former partner, were allowed as a deduction from income as ordinary and necessary business expenses. We are of the opinion that the Commissioner erred in refusing to allow the deductions claimed.

In the instant case petitioner paid her proportionate part of the $6,500 which was paid to Bonder to induce him to retire from the firm. It seems to me that the amount which the petitioner thus paid is deductible as a business expense under the doctrine of the Aitkin

case, *supra*. The majority opinion undertakes to distinguish the facts in the instant case from those which were present in the *Aitkin* case. However, I am unable to see where there is any substantial distinction in the facts of the two cases. I, therefore, dissent.

TIETJENS and WITHEY, *JJ.*, agree with this dissent.