Paul and Virginia Katz v. Commissioner.
Katz v. Commissioner
Docket No. 361-66.
United States Tax Court
T.C. Memo 1968-16; 1968 Tax Ct. Memo LEXIS 281; 27 T.C.M. (CCH) 87; T.C.M. (RIA) 68016; January 25, 1968. Filed Richard K. McGee, 340 Court Arcade Bldg., Tulsa, Okla, for the petitioners. G. Phil Harney, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1963 of $128.56. The sole issue for decision is whether petitioners are entitled to deduct as an ordinary and necessary business expense sums expended by petitioner Paul Katz in obtaining a private pilot's license. Findings of Fact Petitioners Paul and Virginia Katz were legal residents of Tulsa, Oklahoma, *282 at the time they filed their petition with the Tax Court. They filed their joint United States income tax return for the calendar year 1963 with the district director of internal revenue, Oklahoma City, Oklahoma. Since the case grows out of activities of Paul Katz, he will be referred to as the petitioner. During the taxable year 1963 petitioner, a certified public accountany, was employed as a senior auditor in the Tulsa, Oklahoma, office of the accounting firm of Frazer and Torbet. The duties of petitioner as a senior auditor were to do field work, tax work in the office, and special jobs as assigned for clients of the firm. Petitioner occasionally traveled out of Tulsa, Oklahoma, on firm business. The firm allowed its employees to travel by use of private, noncommercial facilities if work and time schedules permitted and reimbursed its employees, including petitioner, for travel expenses based on mileage at commercial air rates when another method of travel was used. During the year 1963, petitioner spent a total of $650.90 for flying time and lessons in obtaining a private pilot's license. While taking flying lessons, petitioner traveled by private aircraft in connection with *283 his employment and received reimbursement of $145 for such travel from his employer in lieu of reimbursement for commercial air travel. Petitioner applied the $145 so received as a reduction of his $650.90 expenditures for flying time and lessons and claimed the difference of $505.90 as a deduction for educational expenses in his 1963 income tax return. Petitioner voluntarily incurred the expenses necessary to obtain the private pilot's license. His employer did not request petitioner to take flying lessons but permitted him to use private aircraft for travel on the firm's business if using such aircraft did not require additional travel time. The firm required him to increase his liability insurance coverage from the $300,000 provided for in basic aircraft leases to $500,000 for trips on which he performed services for the firm. Obtaining a private pilot's license did not result in petitioner acquiring a new position or job advancement with his employer. Petitioner has had a life-long interest in flying. Since acquiring his private pilot's license in 1963, petitioner has occasionally piloted an aircraft on personal and family trips. The respondent determined that the $505.90 *284 deduction for flying time and lessons, which the petitioner had designated as "educational expenses" in his return, was not an allowable deduction. Ultimate Findings of Fact Petitioner's expenditures for flying lessons were personal expenditures and not ordinary and necessary business expenses. Opinion Section 162(a) of the Internal Revenue Code of 1954[1] provides that there shall be allowed as a deduction all the "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Petitioner was a salaried employee of the accounting firm of Frazer and Torbet. Working as an employee was his "business" in 1963, within the meaning of section 162(a). On this record we cannot find a sufficient connection between the expenditures and the business of an employee to allow the deduction. Kornhauser v. United States, 276 U.S. 145 (1928); Bingham's Trust v. Commissioner, 325 U.S. 365 (1945). 89 Petitioner testified that his firm charged fees for his services on a time basis (including travel *285 time) and he contends that he obtained a flying license so that he could travel more quickly to offices of out-of-town clients, thereby reducing the amount of time chargeable to clients. He contends that this permitted his firm to compete more effectively with local accounting firms. But he offered no concrete evidence of the amount of travel time, if any, actually saved for his firm's clients or any consequent reductions in their bills. From the record before us we believe such savings were, at most, theoretical. If the benefits had been tangible ones, the principal beneficiary would have been the firm itself, and we would expect it to have responded with more than the seemingly grudging permission to travel by private aircraft granted to petitioner. Petitioner seeks to fit his claimed deduction within the literal language of sec. 1.162-5, Income Tax Regs., as amended by T.D. 6918, adopted May 1, 1967. These regulations interpret section 162(a) to permit the deduction of expenses for education which either maintains or improves skills "required" in a taxpayer's employment, or which is required by statute or by a taxpayer's employer to retain *286 his salary, status, or employment. But, obviously, the lessons were not taken to meet the requirements of a statute or petitioner's employer. Nor were they "required" in petitioner's employment. The term "required" as used in sec. 1.162-5(a)(1), Income Tax Regs., is apparently intended to be a synonym for the Code section 162(a) term "necessary", which has been interpreted to mean appropriate or helpful in a taxpayer's business. Commissioner v. Tellier, 383 U.S. 687, 689 (1966); Welch v. Helvering, 290 U.S. 111, 113 (1933). As an employee, petitioner's business was to perform accounting services for his employer's clients. Petitioner concedes that the end result of his services - audit reports, etc. - was not affected by his mode of transportation. If anything were changed it would be the final bill to the client, and this was his employer's concern. On this record we cannot say that the expenditures for flying lessons were either appropriate or helpful in petitioner's business as an employee of Frazer and Torbet. We note that petitioner's employer did not request (or even suggest) that he take the flight instruction; the decision *287 to take the lessons was wholly his own. Petitioner's employer, according to stipulated testimony, "permitted" him to use a private plane for business travel and reimbursed him for such travel at commercial rates. But this permission appears to have been regarded by both parties as an accommodation to petitioner. According to the stipulation, the employer "required" petitioner to increase his liability insurance coverage from the $300,000 provided in basic aircraft leases to $500,000 for trips on which he performed services for his employer. When all these circumstances are coupled with the evidence of petitioner's life-long interest in flying and his use of private planes for personal and family travel after obtaining his license, we are convinced that his expenditures for flying lessons were not business expenses under section 162(a) but were nondeductible personal expenses under section 262. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise noted.↩