T.C. Memo. 2012-54

UNITED STATES TAX COURT

THEODORE HENDERSON, JR., Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21450-10. Filed February 28, 2012.

<u>Norman R. Berkowitz</u>, for petitioner.

<u>Shawna A. Early</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>: Respondent determined a deficiency of $3,995.55 in petitioner's Federal income tax for his taxable year 2007.

The issue remaining for decision is whether petitioner is entitled to deduct $9,854 of the "Other expenses" totaling $12,294[1] that he claimed in Schedule C, Profit or Loss From Business, which he included with the Federal income tax return that he filed for his taxable year 2007. We hold that he is not.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time petitioner filed the petition in this case, he resided in New York, New York.

During 2007, Convera Technologies (Convera), whose office was in Vienna, Virginia, employed petitioner full time as a regional sales director for which he received from that company wages of $170,439. As a regional sales director of Convera, petitioner supervised certain other sales personnel that that company employed.

During 2007, petitioner, who was not a professional speaker, was the sole owner of THJ & Associates, LLC (THJ). During that year, THJ had an employer identification number that the Internal Revenue Service had assigned to it at a time not established by the record.

---

[1]Petitioner concedes on brief $2,440 of the "Other expenses" totaling $12,294 that he claimed in his 2007 Schedule C. See infra note 9.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for his taxable year 2007 (2007 return). In that return, petitioner reported wages of $170,440,[2] taxable interest of $8,016, ordinary dividends of $7,991, a business loss of $14,027 from Schedule C, Profit or Loss From Business (2007 Schedule C), a capital loss of $396 from Schedule D, Capital Gains and Losses, and total income of $172,024.

In the 2007 Schedule C that petitioner included with his 2007 return, petitioner showed (1) himself as the "Proprietor", (2) "Marketing" as the "Principal business or profession", (3) "THJ & Associates, LLC" as the "Business name", and (4) an address in New York, New York, that was different from the address that petitioner showed as his "Home address" in his 2007 return.[3] In the 2007 Schedule C, petitioner showed no income and claimed total expenses and a net loss of

[2]The parties stipulated in the stipulation of facts that is part of the record (parties' stipulation of facts) that during 2007 petitioner received wages of $170,439 from Convera. The record does not contain Form W-2, Wage and Tax Statement. We presume that in the parties' stipulation of facts the parties rounded to the lowest dollar the amount reported in that form as the wages that Convera paid to petitioner during 2007 and that in his 2007 return petitioner rounded to the highest dollar the amount of those wages.

[3]The address that petitioner showed in his 2007 return as his "Home address" is the same as the address that he showed in the petition and that the parties stipulated in the parties' stipulation of facts was his address when he filed the petition.

$14,027. The total expenses claimed in the 2007 Schedule C included claimed "Other expenses" of $12,294.[4] Those "Other expenses" consisted of the following expenses that petitioner claimed for: (1) "Training costs" of $10,182, (2) "Telephone and internet" of $539, and (3) "Dues and Subscriptions" of $1,573.

Of the total "Training costs" of $10,182, $7,742 related to online course materials and online coaching materials, and the remaining $2,440 related to travel, meals, and lodging. Of the total "Telephone and internet" expenses of $539, $48.20, $50.20, and $133.73 were for expenses charged by "Domain names/Hosting", "Domains/Hosting SRVC", and "Domains/Hosting", respectively, and the remaining $306 was for expenses charged for petitioner's Time Warner Cable service.[5] Of the total "Dues and Subscriptions" of $1,573, $335, $140, $53, $633, $44, and $215 were for expenses charged for mailbox rentals, Word Cham-

---

[4]Petitioner did not make an election on or before the date on which he filed his 2007 return to amortize the "Other expenses" of $12,294 that he claimed in his 2007 Schedule C. See sec. 195(d); sec. 1.195-1(b), Income Tax Regs. (All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.)

[5]The parties stipulated in the parties' stipulation of facts that the various expenses included in the "Telephone and internet" expenses claimed in petitioner's 2007 Schedule C totaled $538.13, not $539 as claimed in that schedule. We presume that that minor discrepancy, which does not affect our resolution of the issue presented, is attributable to rounding in petitioner's 2007 Schedule C.

pion Edge "web and spkrs", Franklin Covey, periodicals, credit reports, and software, respectively.[6]

Respondent issued to petitioner a notice of deficiency (notice) for his taxable year 2007. In that notice, respondent disallowed the "Other expenses" of $12,294 that petitioner claimed in his 2007 Schedule C.

## OPINION

Petitioner bears the burden of proving that the determinations in the notice are erroneous.[7] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and petitioner bears the burden of proving entitlement to any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Petitioner was required to maintain records sufficient to establish the amount of any deduction claimed. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

It is petitioner's position that he is entitled to deduct under section 162(a) all of the "Other expenses" that he claimed in his 2007 Schedule C, except the ex-

---

[6]The record does not establish the nature of the remaining $153 of the "Dues and Subscriptions" of $1,573 that petitioner claimed in his 2007 Schedule C.

[7]Petitioner does not claim that the burden of proof shifts to respondent under sec. 7491(a). We conclude that the burden of proof does not shift to respondent under that section.

penses relating to travel, meals, and lodging that he claimed as part of those "Other expenses".[8] It is respondent's position that petitioner is not entitled to deduct any of those "Other expenses".

A taxpayer is entitled to deduct all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.[9] Sec. 162(a). In order for an activity of a taxpayer to constitute the carrying on by the taxpayer of a trade or business within the meaning of section 162(a), the taxpayer's primary purpose for carrying on the activity must be for income or profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). Moreover, the taxpayer must be involved in the activity with continuity and regularity. A sporadic activity will not qualify as carrying on a trade or business for purposes of section 162(a). Id. In addition, the trade or business requirement of section 162(a) is not met until the trade or business has begun to function as a going concern and the activities for which it was orga-

---

[8]See infra note 9.

[9]For certain kinds of expenses otherwise deductible under sec. 162(a), including business expenses while traveling away from home such as the expenses totaling $2,440 relating to travel, meals, and lodging that petitioner claimed in his 2007 Schedule C as part of "Training costs" of $10,182, a taxpayer must satisfy certain substantiation requirements set forth in sec. 274(d) before such expenses will be allowed as deductions. On brief, petitioner concedes that the claimed expenses in his 2007 Schedule C relating to travel, meals, and lodging "do not meet the substantiation requirements of Internal Revenue Code Section 274."

nized are performed.[10]  Jackson v. Commissioner, 86 T.C. 492, 514 (1986), aff'd, 864 F.2d 1521 (10th Cir. 1989).

Petitioner relies principally on his own testimony and certain documents that the parties stipulated (petitioner's documents) to establish his position that the "Other expenses" that he claimed in his 2007 Schedule C and that remain at issue satisfy all of the requirements of section 162(a) and therefore are deductible under that section.  With respect to petitioner's testimony, we found it to be uncorrobo-

_____

[10]With respect to educational expenses, such as the so-called training costs that petitioner claimed as part of "Other expenses" in his 2007 Schedule C, expenses that a taxpayer incurs "in obtaining an education or in furthering his education are not deductible unless they qualify under section 162 and § 1.162-5".  Sec. 1.262-1(b)(9), Income Tax Regs.  Sec. 1.162-5(a), Income Tax Regs., provides that expenses relating to education are deductible as ordinary and necessary business expenses if that education

(1) Maintains or improves skills required by the individual in his employment or other trade or business, or

(2) Meets the express requirements of the individual's employer * * * imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.

The question whether education maintains or improves skills required by the individual in his employment is one of fact.  Boser v. Commissioner, 77 T.C. 1124, 1131 (1981), aff'd without published opinion (9th Cir. Dec. 22, 1983).  The taxpayer must show that there was a direct and proximate relationship between the education and the skills required in the taxpayer's employment.  Kornhauser v. United States, 276 U.S. 145, 153 (1928); Schwartz v. Commissioner, 69 T.C. 877, 889 (1978).

rated, self-serving, vague, general, and/or conclusory in certain material respects. We shall not rely on petitioner's testimony to establish his position that all of the "Other expenses" claimed in his 2007 Schedule C that remain at issue satisfy all of the requirements of section 162(a). With respect to petitioner's documents, we did not find that those documents established petitioner's position with respect to the expenses at issue to which they pertain.

On the record before us, we find that petitioner has failed to carry his burden of showing for his taxable year 2007 that the primary purpose for any activities that he may have undertaken with respect to his claimed THJ marketing business was for income or profit, that he was involved in his claimed THJ marketing business with continuity and regularity, and that his claimed THJ marketing business was a going concern. On that record, we further find that petitioner has failed to carry his burden of showing that during the year at issue he was carrying on a marketing business through THJ within the meaning of section 162(a).[11]

_____

[11]Assuming arguendo that petitioner had established that during the year at issue he was carrying on a marketing business through THJ within the meaning of sec. 162(a), on the record before us we find that petitioner has failed to carry his burden of showing (1) that he paid all of the "Other expenses" that he claimed in his 2007 Schedule C and that remain at issue and/or (2) that those expenses are ordinary and necessary expenses within the meaning of that section that he paid in

(continued...)

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled to deduct for his taxable year 2007 the "Other expenses" that he claimed in his 2007 Schedule C and that remain at issue.

We have considered all of the parties' contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.

---

[11](...continued)
carrying on any such marketing business.